HOYNE *v.* UNITED STATES.

*(District Court, N. D. Illinois. April 29, 1889.)*

1. CLAIMS AGAINST UNITED STATES—JURISDICTION OF FEDERAL COURTS.
    Act Cong. March 3, 1887, giving the United States courts jurisdiction of claims against the government, confers jurisdiction of a suit by a commissioner to recover fees earned before the passage of the act.

2. UNITED STATES COMMISSIONERS—DOCKET FEES.
    Act Cong. Aug. 4, 1886, does not take away the right of commissioners to receive docket fees from and after its passage, but only excepts their payment out of the appropriation made by that act. Following *Rand* v. *U. S.*, 36 Fed. Rep. 671; *Bell* v. *Same*, 35 Fed. Rep. 889.

3. SAME—FEES FOR WARRANTS.
    Rev. St. U. S. § 1014, clothes the commissioner in each state with the general powers and authority given to committing magistrates thereof; and, as committing magistrates in Illinois are by Rev. St. Ill. c. 38, §§ 356, 358, 367, not only authorized but required to issue warrants for the commitment to jail of persons charged with crime pending adjournments of the examination, in default of bail, the circuit court commissioner in that state has the same power, and is entitled to $1 fee for such a warrant; as are also clerks of court by Rev. St. U. S. § 828.

4. SAME—TRANSCRIPT OF DOCKET.
    Rev. St. U. S. § 1014, makes it the duty of the commissioner, in all cases where he holds a person to bail on a criminal charge, to return to the clerk of court copies of the process and recognizances of the witnesses; and, as these would be useless without such a transcript of the docket entries as to make them intelligible, the commissioner is entitled to fees for such transcripts; and the accounting officers cannot assume arbitrarily that four folios are sufficient therefor. There being no specific provision by act of congress, he should receive the reasonable fees allowed by the state statutes.

At Law. Suit by Philip A. Hoyne for fees as court commissioner.

*J. A. Baldwin,* for petitioner.

*W. G. Ewing,* U. S. Atty.

BLODGETT, J. This is a suit brought by plaintiff pursuant to the jurisdiction conferred on this court by the second section of the act of March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States." The claim of the plaintiff is for docket fees, amounting to $505; fees for the issue of mittimuses, or warrants of commitment, where the defendants were committed to jail pending or during the course of an examination on criminal charges, $18.65; *per diems* "for hearing and deciding on criminal charges," $10; for issuing duplicate warrants, $2; for alleged excessive folios of transcripts and commitment of persons, to be filed with the clerk of the court, $11.05; making a total of $546.70, all which fees plaintiff claims to have earned while acting as circuit court commissioner, pursuant to the authority of law, in the examination of charges preferred against divers persons for offenses against the United States under the criminal laws thereof. The proof in the case shows without question or doubt that the plaintiff, during the years 1886, 1887, and 1888, was a circuit court commissioner, duly appointed and acting in this district according to law, and that, as such, divers persons were brought before him, charged in due form with violations of the criminal and penal laws of the United States, on which charges examinations were duly had, and that plaintiff, in the due course of the performance of his duties as such commissioner, kept a proper docket of each case, in which nothing was entered except what was necessary to properly show the proceedings had; and that in such proceedings he issued warrants for the temporary commitment of certain of the defendants to jail, where they could not furnish a recognizance or bail-bond, pending the examination from day to day of such charges; and that as such commissioner he was actually employed in "hearing and deciding on criminal charges" for the two days charged. It further shows conclusively that the two duplicate warrants charged for were issued upon the request of the district attorney, in whose judgment the interests of the government required that a writ should be in the hands of two different officers in order to insure the speedy arrest of the defendant. The proof further shows that the transcripts charged for were actually filed, and that they actually contained the number of folios charged for, and that they contain no more folios than seem to be required in each case respectively. The docket of the plaintiff, kept by him as such commissioner, is introduced in evidence, and in all respects appears to have been such a docket as he ought to have kept for the purpose of making a correct record of his proceedings. I have no doubt, therefore, from the proof, that the docket fees charged have been fully and properly earned by the plaintiff. The defenses interposed are:

1. That as to $153 of this charge, (of which $136 is for docket fees, $6.30 for warrants for temporary commitment, $5 *per diem,* and $5.70 excessive folios in transcripts and complaints,) the same accrued and had

been rejected by the department prior to the passage of the act of congress giving this court jurisdiction in this class of cases; and it is therefore urged that this court has no jurisdiction to pass upon this $153 of the plaintiff's claim. And in support of this defendant relies upon the case of *Bliss* v. *U. S.*, 34 Fed. Rep. 781. After a careful consideration of the statute in question I must say that I see no force in the objection to the jurisdiction of the court. There seems to be no reason, either in the express or implied provisions of the law, against the court's having full power to pass upon and consider claims which accrued before, as well as those which have accrued since, United States courts were clothed with jurisdiction to hear and determine them; and I think the reasoning of the circuit court for the district of Connecticut in *Stanton* v. *U. S.*, 37 Fed. Rep. 252, in which the jurisdiction is sustained, is much more satisfactory than that in the case of *Bliss* v. *U. S.*

2. That by the express terms of the provisions of the deficiency act of August 4, 1886, (24 St. at Large, 274,) all right of commissioners to docket fees is expressly repealed, and hence no docket fees can be allowed to plaintiff which have accrued since the passage of that act. This question has been fully discussed in *Bell* v. *U. S.*, 35 Fed. Rep. 889; *Rand* v. *U. S.*, 36 Fed. Rep. 671, in both of which cases it was held that the sole effect of the clause cited from the deficiency bill of August, 1886, was to prevent the application of any of the proceeds of that appropriation from being applied to the payment of docket fees to commissioners, and this seems to me to be the reasonable and proper construction of the law upon this point.

3. As to the items in this account for the issuing of mittimuses, or temporary warrants. The objection made in behalf of the government is that the commissioner has no power to issue such warrants, and hence the government is under no obligation to pay for them. Section 1014 of the Revised Statutes of the United States clothes the circuit court commissioner in each state with the general powers and authority with which committing magistrates are clothed in the states where such commissioners are acting, so that, in order to ascertain what are the powers and duties of such commissioners, we are referred practically to the statutes of the state, and an examination of sections 356, 358, 367, c. 38, Rev. St. Ill., shows clearly that a committing magistrate in the state of Illinois, acting upon a charge against a person for the commission of a criminal offense, is not only authorized, but it is made his duty, to issue a warrant for the committal of persons so charged to jail pending an adjournment of the examination or hearing of the case, if bail is not furnished. And section 358, above quoted, expressly requires the committing magistrate to make an order in writing for the commitment of the person charged with the offense, in case he is unable to give a recognizance for his appearance at a future day fixed for the further hearing or examination of the case. And by section 847 of the Revised Statutes of the United States the commissioner is allowed for issuing any warrant or writ the same compensation as is allowed to clerks for like services; and the clerk's fees are, by section 828 of the Revised Statutes,

fixed at $1 for each writ. It therefore seems to me that the commissioner has properly charged the United States with a fee for these warrants for temporary commitment, and that the fee for such warrants is the same as allowed to the clerk, which is $1 for each warrant.

4. The item $10 for *per diems*, "for hearing and deciding criminal charges," two days being charged for at $5 per day, has been disallowed, apparently in the belief that the services charged for were not actually performed; but the docket of the commissioner, as well as the other proof introduced at the hearing, leaves no doubt that this item is properly charged.

5. The item of $2, charged for duplicate warrants, has been disallowed, presumably upon the ground that but one warrant was necessary; but the proof in this case establishes not only that it was the opinion of the United States attorney, who ordered the two duplicate warrants charged for, that the interests of the government demanded that two should be issued, but, upon the state of facts shown, I am satisfied that they were required in the two cases charged for, and the charge therefore is proper.

6. The remaining item of $11.05, for transcripts and complaints, which has been disallowed by the department upon the theory that four folios were sufficient for a proper transcript, seems to me to be a proper charge, because by section 1014 it is made the duty of the commissioner, in all cases where he holds a defendant to bail on a criminal charge, to return to the clerk of the court copies of the process and recognizances of the witnesses, which would be useless unless accompanied by such a transcript of the docket entries as to make them intelligible. It being his duty to return this transcript to the clerk, a fee for doing it would seem to follow, and, in the absence of any specific provision by act of congress as to the amount of such fee, the commissioner has charged the rate allowed by the state statute, which, by analogy, seems to be a reasonable and proper charge. The amount here charged is at the same rate as has heretofore been allowed by the government in the same class of cases, and the amount here included is simply what has been disallowed by the government because of being in "excess of four folios," it having been assumed by the accounting officers, arbitrarily, that four folios were sufficient for a transcript. The testimony shows that these charges are for the actual transcripts filed, and, as the transcripts do not appear to be any longer, or to contain any more matter, than is necessary, I think that the disallowance was improper, and I find that the charges are legitimate.

A finding may therefore be entered in favor of the plaintiff for the amount claimed,—$547.20.