GOODRICH, Clerk, *v.* UNITED STATES.

*(Circuit Court, E. D. Arkansas.   April 3, 1888.)*

1. CLERK OF COURT—FEES—PER DIEM.
    Rev. St. U. S. § 828, allows the clerk of the United States courts "five dollars a day for his attendance on the court while actually in session."  *Held,* that he is entitled to his *per diem* for every day he attends the court while actually in session, no matter what business, or whether any business, is transacted on such days.

2. SAME.
    When both circuit and district courts are in session on the same days, the clerk may charge his *per diem* in either, and the department has no discretion to transfer his charges to the account of the other court, for the purpose of lessening the whole amount due him by force of the rule as to the maximum of allowance.

3. SAME—FILING PAPERS.
    Under the statute allowing the clerk 10 cents for "filing and entering every declaration, plea, or other paper," he is entitled to 10 cents for every separate voucher filed by him, although such vouchers are filed with his report of moneys on hand.
    v.35F.no.3—13

4. SAME—SUPERVISION OF ELECTIONS.

The fact that the judge erred in his construction of the law, and ordered supervisors of election where none should have been ordered, does not affect the clerk's right to compensation for services rendered in respect to such supervision.

At Law.

Action by Ralph L. Goodrich, clerk of the United States circuit and district courts, Western division, Eastern district, Arkansas, against the United States, for fees.

*U. M. & G. B. Rose*, for plaintiff.

*Jos. W. House*, U. S. Atty., and *J. E. Williams*, Asst. Dist. Atty., for defendant.

BREWER, J. This is an action brought by the clerk of this court against the United States, for fees. The case is submitted upon the pleadings and statements made by the clerk, which, by consent of parties, are taken as depositions. There are four principal matters presented. The first is this: A claim of *per diem*, which was disallowed by the comptroller on the ground that no business appears to have been transacted by the court on those days, or at least none that might not as well have been transacted on some other day. The statute (Rev. St. U. S. § 828,) allows the clerk "five dollars a day for his attendance on the court while actually in session." It appears from the testimony that the court was actually in session on these days; judge, clerk, and other officers being present. That being so, within the plain letter of the statute he was entitled to his *per diem.* What business, or whether any business shall be transacted, is a matter over which he has no control; and it is not for work done on that day, but for attendance, that the statute gives this compensation. As he cannot foresee what business or whether any shall be transacted, he has discharged his full duty when he attends ready to do whatever he shall be called upon to do. I know that there is a difference between judges in the manner of disposing of the docket; some are more willing than others to accommodate counsel, hold court more frequently, and in other ways adjust the sessions of the court to the convenience of counsel; but over this the clerk has no control. The law leaves discretion in this matter to the judge, compels attendance by the clerk whenever the judge directs, and gives the *per diem* for his attendance. There is no legal reason shown why he is not entitled to such *per diem.* The second matter is this: With his report of moneys on hand were 148 vouchers, for filing each of which he charges the 10 cents allowed by statute. It is contended by the government that this report and vouchers should be taken as one paper, and he be allowed for filing that one paper only. But in fact each voucher was a different paper, and related to a distinct transaction, and the statute allowed him for "filing and entering every declaration, plea, or other paper, ten cents." Of course this means for each separate paper that is filed, and therefore he is entitled to the full amount claimed. The third matter is this: He presents a claim for services rendered in respect to the supervision of elec-

tions. The defense is twofold—*First*, that the whole matter of supervision was started and pushed through by the clerk for the mere sake of making fees; and that there was really no desire on the part of either of the parties, or any reputable citizens of either, for federal supervision. In respect to this it is enough to say that there is not a *scintilla* of testimony tending to support it. Of course, if the fact were proved, there might a very serious question arise, and that is, whether the clerk would be justified in putting in motion the machinery of supervision merely for the sake of making fees. Equitably, at least, there would be satisfactory reasons for rejecting a claim founded upon such a state of affairs. But as there is no testimony to sustain this defense, and as a petition was duly presented, and, for aught that appears, presented in good faith by reputable electors, it must fail. The other defense is that the judge erred in his construction of the law, and ordered supervisors where none should have been ordered. I do not see how this, even if it were well founded, can be construed as a valid defense against the clerk's compensation. He has nothing to do with the construction of the law; that is the function of the judge. His duty is simply obedience to the orders of the judge; and if he acts in strict obedience to those orders, and performs the duties required thereby, it does not lie in the mouth of the government to say in this collateral way that the judge erred. There would be much more reason, as is insisted by counsel for the plaintiff, that, if anybody is to suffer for a mistake, it should be the one who made it, and the amount of the fees deducted from the judge's salary, rather than from the clerk's allowances. A final matter is this: It appears that plaintiff is clerk of both the circuit and district courts. On certain days both were in session. He was entitled to a *per diem* in either, but not in both. He charged it in one court; the department changed it to the other, for the reason that thereby and by reason of the maximum of allowance the actual amount coming to the clerk would, as claimed, be reduced. And it is strenuously urged by the district attorney that the department has the discretion in a matter of that kind, and it can say upon which account the *per diem* shall be charged. This is the only question which seems to me of doubt, and yet upon that I think the clerk is right. He was entitled to the *per diem* in the court in which he charged it. Congress has so enacted. How can he be deprived of that by reason of the fact that he might be also entitled to a *per diem* in another court? Suppose a party is subpœnaed in two cases tried on the same day, and the law prohibits more than one witness fee for the same day, might he not exercise the right of demanding his fee in the case where the solvency of the parties would secure its payment, and could such parties insist that it be charged in the other case, in which, perhaps, the insolvency of the parties would prevent his receiving any pay? Or suppose the *per diem* in the two courts were different. If he attends in both courts, would he not be entitled to elect the larger *per diem*, rather than the less? In other words, may he not insist upon anything that the statute gives him, and can the fact that he might have made another charge on another account be pleaded as a defense to a legal charge on

the one account? While it is true that the government ought not to pay any more fees than congress has determined that it should pay, yet I think an officer may avail himself of everything the statute gives him, and that, where there are two charges possible, he is not bound to take the least valuable. , So upon this matter I find also for plaintiff.

There are sundry other small items, as for alleged overcount in the number of folios in certain orders, copies, etc. Such papers are not before me for the counting of the words, so I am compelled to take the statement of the clerk as to the accuracy of these counts. This, I think, disposes of all the subsisting questions in the case, and the plaintiff is entitled to judgment for the full amount claimed. It will be borne in mind that these accounts have once been presented to the district judge in conjunction with the United States attorney, and both examined and approved by them, and that the presumptions stand in favor of the regularity of these various items. Judgment will be entered for the plaintiff.