## JONES v. UNITED STATES.

*(District Court, S. D. Alabama. August 7, 1889.)*

**1. CLERK OF COURT—FEES—FILING PAPERS IN CRIMINAL CASES.**
    The clerk of the United States district court is entitled to fees from the government for filing separately, in criminal cases, the process or copy of process, the bail-bond, and the recognizance of witnesses sent up by the commissioner.

**2. SAME—COPIES OF SUBPŒNAS.**
    The clerk may issue separate subpœnas for witnesses in criminal cases when necessary to secure their immediate attendance.

**3. SAME—ACTION FOR FEES—SET-OFF—BURDEN OF PROOF.**
    In a suit by an officer for fees under the act of March 3, 1887, (24 St. at Large, 505,) when the United States pleads any affirmative matter such as set-off the burden is on them to prove it, and not on the petitioner to disprove it.

**4. SAME—APPROVAL OF OFFICERS' ACCOUNTS—FEES.**
    All proceedings connected with the approval of officers' accounts against the government, under the act of February 22, 1875, (18 St. at Large, 333,) are for the convenience and at the expense of the United States, and include the certified copy of order of approval indorsed on the original account sent to the treasury department as well as the original order entered on the minutes. But there is no law or regulation for indorsing a certified copy of the order on the duplicate account retained in the clerk's office.

**5. SAME—COPIES OF ORDERS TO MARSHAL.**
    Copies of orders to marshals to pay witnesses, jurors, special deputies, or supervisors, to be used as vouchers in his accounts, are at the expense of the United States, but seals to such orders are unnecessary.

**6. SAME.—FILING VOUCHERS.**
    The clerk is entitled to fees from the United States for filing each separate voucher covered by the marshal's account with the government.

**7. SAME—FINAL RECORD.**

The final record to be made by the clerk of all the proceedings of court embraces the final commitment by the court in a criminal case, but does not the preliminary bail-bond and justification of sureties taken before the commissioner, as these are proceedings of the magistrate and not of the court.

**8. SAME—SCIRE FACIAS ON RECOGNIZANCE—ISSUING NOTICE.**

In *scire facias* on a forfeited appearance bond in a criminal case a separate notice must issue to each obligor   This is in the nature of a writ, and to be paid for by the United States.

**9. SAME—OFFICE FILES.**

The clerk is not entitled to charge the United States for making for his office files copies of reports required by department regulations to be made to the solicitor of the treasury, nor for keeping a record of witness certificates separate from his subpœna record.

At Law.   On two petitions by clerk of court under act of congress of March 3, 1887, (24 St. at Large, 505,) for fees charged against the United States in criminal cases, but disallowed by the comptroller of the treasury   The petitions were consolidated by the court.   In addition to the facts appearing in the opinion it may be noted that the subpœna charged for as item 2 was one for a witness, who, though embraced in the *præcipe* with others in his county, happened to be at time of trial in the city of Mobile, and was wanted *instanter*.   The clerk issued a separate subpœna for him.   Item 4 was a balance unpaid on an account which was allowed in full.   The treasury officials declined payment because they claimed the clerk had been paid as much on a former account for services never rendered.   The district attorney on the trial pleaded a set-off of this amount, but introduced no proof in support of it.   The machinery of approval of a United States official's accounts was shown to be the presenting of the accounts and vouchers in duplicate to the court, and the making of an order of approval, entered on the minutes, and certified copies indorsed on the original and duplicate accounts. The original account and vouchers are then forwarded to the treasury department for allowance and payment, while the duplicate account and vouchers are filed in the clerk's office for preservation.   Items 5 to 16, 18 to 23, 25 to 28, 29 to 48, and 49 relate to different parts of this procedure.   A regulation of the treasury department requires the clerk to report new cases in which the United States are interested, and also their final disposition.   The clerk was allowed fees for these reports, but was disallowed for copies of these reports made for preservation in his office. Item 57 was a book kept by him showing in separate columns for each case the different items on which are based the certificates issued to witnesses.   This was highly commended by an examiner of the department of justice, but payment refused by the treasury officials.

*Hamiltons & Gaillard*, for petitioner.

*M. D. Wickersham*, U. S. Dist. Atty.

TOULMIN, J.   The plaintiff sues to recover certain fees claimed to be due him as clerk of said court, and which are specifically set forth in the accounts annexed to the petition filed in the cause.   It is not denied that the services charged for were performed, but compensation for them has been disallowed, either on the ground that the same is not payable

by the United States, or that the services were not necessary or required.

*Item 1.* My opinion is that the plaintiff is entitled to fees for filing at least three papers from commissioners, viz., the process or copy of process, the bail-bond, and the recognizance of witnesses. These papers are required by law to be returned to the clerk of the court, and when they come to his office, in contemplation of section 1014 of the Revised Statutes of the United States, and of sections 4298 and 4425, Code Ala., they should be filed by him for identification and ready reference. He charges for filing three separate papers in each case from commissioners, which he is allowed. Rev. St. § 828.

*Item 2.* The rule is that there should be but one subpœna issued for all the witnesses in a cause. But this rule is subject to exceptions. The proof brings this case within the exceptions, and shows that the issue of the subpœna charged for was necessary and proper. The plaintiff is entitled to the fee charged therefor.

*Item 3.* He is entitled to the fee for entering order overruling motion to quash indictment. He is required to enter all the orders of the court, (Rev. St. § 794,) and the statute provides a fee for such service. The proof shows that the item was for this service, and not for "entering the motion to quash," as appears from the face of the account.

*Item 4.* The proof shows that the services charged for and covered by this item were not only actually performed, but that the account therefor had been stated and allowed by the treasury department. It became then a stated account. But the government claims that it was improperly allowed and paid, seeks to recharge it against the plaintiff, and now pleads a set-off to the extent of said item. This is an affirmative plea, and it devolves on the government to sustain it by proof, which it fails to do.

*Items 5 to 16 inclusive.* The charges for entering orders of the court approving marshal's accounts are allowed as legal and proper charges. The law requires such orders to be made, and it is the duty of the clerk to enter them up. And certified copies of such orders are required to be attached to said accounts, and to be forwarded to the treasury department. The clerk is entitled to his fees for entering the orders and for making certified copies of them, and these fees are justly chargeable to the government. But I do not think the clerk is entitled to be paid for two copies of the same order. The law requires the account to be made in duplicate, but not the order approving the account. The original account with a certified copy of the order is forwarded to the treasury department, and the duplicate account is retained by the clerk and filed in his office. Only one copy of the order, then, is necessary.

*Item 17.* What is said as to the charges for copies of orders approving the marshal's accounts is applicable to the charges made for copies of orders for marshal to pay supervisors of election and special deputies. Seals to copies of orders for marshal to pay supervisors, special deputies, and witnesses are, in my opinion, not necessary, and the charges therefor not allowable, unless they are required by some regulation of the department of which I am not advised.

*Items 18 to 23, and 25 to 28, inclusive, and item 49.* **These are charges** for filing the marshal's accounts and vouchers. The law requires this service of the clerk presumably for the convenience and protection of the government. He is entitled to his fees for it, and they are clearly chargeable to the government. Each should be filed separately for easy identification and ready reference.

*Items 24 and 56.* Charges for making final record. It is the duty of the clerk to record, after the determination of any prosecution, all the proceedings of the court relating thereto. It seems to me clear that an order of commitment made by the court is an important part of the proceedings in a criminal cause, and that it should be made a matter of record. But I think it equally clear that a justification of sureties on a bail-bond taken by the committing magistrate is no part of the proceedings of the court, and that its entry on the record is unauthorized and unnecessary. And the same may be said as to the bond itself. The charge for the two items last mentioned is not allowed.

*Items 29 to 48 inclusive.* These are charges for entering orders approving marshal's, commissioner's, and district attorney's accounts. What has already been said as to items 5 to 16 inclusive applies to these items.

*Item 52.* Charges for *scire facias.* They are legal and proper, and are allowed. Whenever an undertaking of bail is forfeited by the failure of the defendant to appear, as required, a conditional judgment must be rendered in favor of the United States against the parties to the undertaking for the sum therein expressed, and a notice of the rendition of such judgment must be issued by the clerk to each defendant. This notice is called *scire facias,* and is in the nature of a writ. Code Ala. §§ 4434, 4869. The clerk is entitled to a fee for each writ issued by him. Rev. St. § 828. The proceeding by *scire facias* is a civil action, and the notices issued in it are original. These must be executed by the marshal, and should be returned by him with the proper return thereon indorsed. The usual mode of executing process of this character is by leaving a copy of it with the defendant.

*Items 53 and 54.* What I have said under item 17, as to charges for copies of order for marshal to pay supervisors and special deputies, and as to the necessity for seals to such copies, applies to the charges for copies of order to pay witnesses and jurors, and seals thereto.

*Item 55.* The charges for making duplicate report to the solicitor of the treasury is not required by law, or the regulations of the department, is unnecessary, and not allowed.

*Item 57.* This charge for entering certificates for payment of witnesses is disallowed as not required by law, and unnecessary in the manner and form in which the same is made. When the court causes an order to be entered for the payment of witnesses, the clerk should enter on the record the names of such witnesses, stating days attended, mileage, and amounts, etc., and for this service he is entitled to be paid for making the record. And it is the duty of the clerk to keep a subpoena record for all cases, in which must be entered the cases in which any subpoena issues, the names of the witnesses, the time of the issue, and the return

of the marshal. For making this record he is entitled to compensation. But I do not understand from the accounts sued on, and from the proof submitted, that the charge made is for making either of the records referred to. As bearing on many of the questions raised in this case, and as sustaining my conclusions on them, I cite the following cases: *Goodrich* v. *U. S.*, 35 Fed. Rep. 193; *Stanton* v. *U. S.*, 37 Fed. Rep. 252; *Erwin* v. *U. S.*, Id. 470.

### FINDING OF FACTS.

(1) That the plaintiff is the clerk of the United States district court for the Southern district of Alabama, and was such clerk on and before July 1; 1887; and (2) that he as such clerk actually performed the services charged for in the accounts sued on as therein stated.

### CONCLUSION OF LAW.

That the plaintiff is entitled to have and recover from the United States the sum of $292.35, as due him on said accounts.