# UNITED STATES *v.* BARBER.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA.

No. 1164. Argued and submitted March 12, 13, 1891. — Decided May 11, 1891.

On the authority of *United States* v. *Ewing, ante,* 142, the appellee's fees as commissioner of the Circuit Court for the Middle District of Alabama, acting in criminal cases, are allowed for "drawing complaints," in con-

nection with recognizances of defendants for examination; and for recognizances of witnesses, and for the charge per folio for depositions taken on examination: and on the authority of *United States* v. *McDermott,* *ante,* 151, the fees for administering oaths and for each jurat are allowed. The appellee is also entitled to a fee for filing a complaint; to charge per folio for pay rolls of witnesses; and to charge per folio for transcripts of proceedings when the originals are not sent up; but he is not allowed to charge for filing and entering every declaration, etc., if several are attached together.

When a series of sheets are attached together, they form a single paper within the meaning of the law.

THIS action was brought to recover fees in 149 criminal cases in which certain proceedings were had before the appellee, as commissioner of the Circuit Court for the Middle District of Alabama. The items of the several services were set out in a bill of particulars, which was admitted to be correct, the district attorney interposing a demurrer to the petition for the purpose of securing a judicial determination of the legality of the several charges. Judgment having been entered in favor of the petitioner for $802.09, an appeal was taken by the United States to this court.

*Mr. John C. Chaney* for appellant. *Mr. Assistant Attorney General Cotton* was with him on the brief.

*Mr. R. R. McMahon* and *Mr. W. W. Dudley* for appellee submitted on their brief.

MR. JUSTICE BROWN delivered the opinion of the court.

It was admitted that the petitioner was a commissioner of the Circuit Court; that he actually and necessarily performed the services set forth in his petition; and that his accounts containing those charges were duly approved by the District Court, as required by law. Objection was made by the government to the allowance of the following items:

1. "Drawing complaints." In the case of *United States* v. *Ewing, ante,* 142, we held that where the local practice required a magistrate to reduce the examination of the complaining witnesses to writing, an allowance for drawing the complaint,

as " for taking and certifying depositions to file," was a proper charge under Rev. Stat. § 847. By § 4256 of the Code of Alabama, it was provided that "upon a complaint being made to any one of the magistrates specified in section 4680, that such offence has in the opinion of the complainant, been committed, the magistrate must examine the complainant and such witnesses as he may propose, on oath, take their depositions in writing, and cause them to be subscribed by the persons making them." By § 4257 "the depositiöns must set forth the facts stated by this complainant and his witnesses tending to establish the commission of the offence and the guilt of the defendant." Under these sections it is made the duty of the committing magistrate to reduce the deposition or complaint of the principal witness or witnesses to writing, and we see no reason why he should not be paid therefor. This was the view of the Court of Claims of a similar claim made under the practice of Alabama in the case of *Ravesies* v. *United States*, 24 C. Cl. 224. The objection to this item is therefore overruled.

(*a.*) Petitioner is also allowed a fee of 10 cents for each oath administered in connection with these complaints, and 15 cents for each jurat, as for a certificate. *United States* v. *McDermott, ante,* 151.

(*b.*) He is also entitled to a fee of 10 cents for filing such complaint; under § 847 and under the clause of § 828, " for filing and entering every declaration, plea or other paper, 10 cents."

2. No objection is made by the government to the second series of items for issuing 45 warrants at $1 each, entering 128 returns thereon at 15 cents per folio, and filing such warrants at 10 cents each, nor to the charges for like services in connection with the issuing and return of subpœnas.

3. The fourth series of items relates to charges in connection with the recognizances of defendants for examination. We have already held in *United States* v. *Ewing, ante,* 142, that a charge for the acknowledgment of recognizances was proper, though but one acknowledgment for each recognizance can be allowed. There is no valid objection to the allowance

for the oaths of sureties and the jurats to such oaths. It is usual and proper to require that persons offering themselves as sureties for the appearance of the accused in court shall justify to their pecuniary responsibility, and the expense of their so doing stands upon the same footing as the recognizance itself. It is true that the taking of recognizance or bail for appearance is primarily for the benefit of the defendant, and in civil cases it is usual to require the costs of entering into such recognizances to be paid by the defendant or other person offering himself as surety. But in criminal cases it is for the interest of the public as well as the accused that the latter should not be detained in custody prior to his trial, if the government can be assured of his presence at that time; and as these persons usually belong to the poorest class of people, to require them to pay the cost of their recognizances would generally result in their being detained in jail at the expense of the government, while their families would be deprived, in many instances, of their assistance and support. Presumptively they are innocent of the crime charged, and entitled to their constitutional privilege of being admitted to bail, and as the whole proceeding is adverse to them, the expense connected with their being admitted to bail is a proper charge against the government.

4. The same rule will apply to recognizances of witnesses summoned at the expense of the government.

5. The charge per folio for pay rolls of witnesses is proper, as well as the charge of 10 cents for each oath administered to a witness in support of his claim for attendance and mileage.

6. The charge per folio for transcripts of proceedings is lawful under Revised Statutes, § 1014, which provides that "copies of the process (issued by the commissioner) shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case." In most districts it is the habit of commissioners to send up the original proceedings before them, a practice to which there seems to be no objection, conducing, as it does, to a diminution of expenses to the government; but where the requirements o section

1014 are literally adhered to, the expense of preparing such transcript is a proper charge against the government.

7. The charge per folio for depositions taken on examination is, we think, fairly allowable, upon the same principle on which we have allowed it for preparing complaints. Section 4286 of the Criminal Code of Alabama requires that "the evidence of witnesses examined must be reduced to writing by the magistrate, or under his direction, and signed by the witnesses respectively." As there is no special provision for the allowance of a charge for such evidence, it may be considered as a deposition within § 847, for the taking and certifying of which the commissioner is entitled to 20 cents per folio. We held a similar charge to be proper in the case of *United States* v. *Ewing, ante,* 142.

8. But the charge for filing such depositions should be disallowed. Section 828 allows "for filing and entering every declaration, plea or other paper, 10 cents." Each deposition is not necessarily a "paper" within the meaning of this clause. If two or more depositions are embraced in a single paper, or a series of sheets are attached together, they form but a single paper, within the meaning of the law. We had occasion recently to pass upon this question in the case of *Schell's Executors* v. *Fauché,* 138 U. S. 562, where two letters pasted together were held to constitute but one in law.

These embrace all the items to which objection is made by the Attorney General. It remains, that upon being modified by deducting the last item of $10.80, the judgment of the court below must be

*Affirmed.*