### CLOUGH *v.* UNITED STATES.

*(Circuit Court, W. D. Tennessee.   October 21, 1891.)*

1. UNITED STATES COMMISSIONERS—DOCKET FEES IN CRIMINAL CASES.
    The deficiency bill of 1886, (24 St. 274,) appropriating $50,000 for United States commissioners' fees, with a proviso that they should receive no docket fees, abolished such fees entirely for the future. *U. S.* v. *Ewing*, 11 Sup. Ct. Rep. 743, and *U. S.* v. *McDermott*, Id. 746, followed.

2. SAME—FEES FOR DRAWING COMPLAINTS.
    United States commissioners are entitled to fees of 20 cents per folio of 100 words for drawing complaints in criminal cases, and also to fees for the jurats, or certificates to the oaths of affiants to such complaints. *U. S.* v. *Ewing*, 11 Sup. Ct. Rep. 743, and *U. S.* v. *McDermott*, Id. 746, followed.

3. SAME—FEES FOR FILING COMPLAINTS—FOR DRAFTING BAIL-BONDS—AFFIDAVITS.
    They are also entitled to fees for filing such complaints, for drafting bail-bonds for defendants, for drawing affidavits of sureties to such bonds, touching their solvency and sufficiency, and for copies of process sent to the court in cases where the defendants were held to bail. *U. S.* v. *Barber*, 11 Sup. Ct. Rep. 751, followed.

4. SAME—FEES FOR ENTERING RETURNS AND MITTIMUS.
    They are also entitled to fees for entering returns of warrants and other process, and for issuing *mittimus* writs. *U. S.* v. *Ewing*, 11 Sup. Ct. Rep. 743, and *U. S.* v. *Barber*, Id. 751, followed.

5. SAME—FEES FOR ACKNOWLEDGMENTS.
    They are only entitled to a single fee of 25 cents for the acknowledgments of all the signers of bail-bonds. *U. S.* v. *Ewing*, 11 Sup. Ct. Rep. 743, and *U. S.* v. *Barber*, Id. 751, followed.

**6. SAME—FEES FOR AFFIXING SEAL TO WARRANT.**

   Rev. St. U. S. § 828, gives to the clerk a fee of 25 cents "for affixing the seal of the court to any instrument, when required." Section 847 gives to United States commissioners "the same compensation as is allowed to clerks for like services." Section 911 provides that "all writs and process issuing from the courts of the United States shall be under the seal of the court from which they issue." Rev. St. U. S. § 1014, provides that for any offense against the United States the offender may, by any circuit court commissioner to take bail, "and agreeably to the usual mode of process against offenses in the state, * * * be arrested," etc. *Held,* that in Tennessee the commissioner is "required" to affix his seal to warrants of arrest, and hence is entitled to fees for so doing.

At Law.

The petition in this suit was filed March 27, 1889, under the provisions of an act of congress approved March 3, 1887, entitled "An act to provide for the bringing of suits against the government of the United States," (chapter 359, 24 St. at Large, 505,) and claims fees for services rendered to the United States by plaintiff as commissioner of the circuit courts of the United States for this district from August 20, 1886, to December 31, 1888, a period of nearly two and a half years. As required by the act cited, in order to give this court jurisdiction in such cases, the claim in this petition "exceeds one thousand dollars, and does not exceed ten thousand dollars," in amount, and is founded upon a "law of congress," and the provisions of the act have been strictly followed in the institution of this suit, viz., the filing of a petition, duly verified, in the proper court of the district in which the plaintiff resides, setting forth "the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money claimed, * * * and praying the court for a judgment or decree upon the facts and law." Plaintiff has given the usual prosecution bond according to the practice of the court, has caused a copy of his petition, duly certified, to be served upon the district attorney of this district as shown by that officer's receipt on file in the case, and has mailed a copy of the same by registered letter to the attorney general of the United States, as appears by the Memphis post-office registry receipt to the plaintiff, and the registry return receipt of the attorney general, both of which are filed here, as well as plaintiff's affidavit of such service and mailing. The usual order granting leave to file this petition was duly entered. Within 60 days after the filing of the petition the district attorney appeared, and pleaded—*First,* nil debit; and, *second,* payment; and issues have been made up. The plaintiff has also filed a certificate of the clerk of this court showing his appointment as a commissioner thereof on the 22d day of June, 1873.

On May 5, 1889, an agreement, signed by the plaintiff and the district attorney, was filed in this case, which stipulates, among other things, as follows:

"(1) That the petitioner is a citizen of Tennessee, residing in Shelby county, and has been for many years, and that from before August 20, 1886, to the present time, he has been a commissioner of the United States circuit courts for this district, under due and proper appointment and qualification.

"(2) That as such commissioner, and during the period of time set forth in this cause, preliminary examinations for criminal offenses against the

laws of the United States were had before him of the persons named in the schedule or account annexed to the petition in this cause; and that the persons therein named, as having given bail-bonds in criminal cases before him as commissioner, were arrested by the marshal under proper process, and taken before him for that purpose.

"(3) That the account so annexed to the said petition was made by the petitioner, and may be taken as his deposition of the facts stated therein, and submitted in evidence as such.

"(4) That the services for which the petitioner in this cause claims compensation were in fact actually rendered by him as such commissioner in criminal cases duly instituted by the United States for violations of its penal statutes.

"(5) That accounts for all his commissioner fees in the cases enumerated in petitioner's said schedule, including those sued for in this cause, have been duly and according to law presented to and approved by the court in the presence of the district attorney in the manner prescribed by the act of congress approved February 22, 1875, (Supp. Rev. St. pp. 145–147,) and subsequent acts of congress, and that the same have been duly presented for payment to the proper accounting officers of the United States at Washington, D. C., and have been audited, and that payment of the items herein sued for has been refused by the defendant at the office of and by the first comptroller of the treasury."

The petitioner in the schedule to his petition has shown by items the various fees so disallowed to him in each case separately, giving in detail his account in which the same were charged, and the name of the defendant in the case in which the services were rendered for which the fees are claimed. There are in all eight of these accounts, each being for three or six months' services, and in petitioner's recapitulation and analysis of these disallowed fees they can all be reduced to the eleven following classes:

| | | | |
|---|---|---|---:|
| 1. | Fees for making dockets and indexes, etc., | | $ 610 00 |
| 2. | " " drawing complaints, criminal cases, | | 92 10 |
| 3. | " " " certificates to oaths, same, | | 34 20 |
| 4. | " " filing complaints, criminal cases, | | 3 20 |
| 5. | " " affixing seals to warrants, etc., | | 141 40 |
| 6. | " " drawing bail-bonds, criminal cases, | | 16 20 |
| 7. | " " taking acknowledgments to bail-bonds, | | 121 00 |
| 8. | " " drawing sureties' affidavits to " " | | 7 95 |
| 9 | " " entering returns of warrants, etc., | | 14 25 |
| 10. | " " issuing *mittimus* writs, | | 9 00 |
| 11 | " " copies of process for court, criminal cases, | | 43 20 |

Making in all the sum of - - - - - $1,092 50

John B. Clough, *pro se.*
S. W. Hawkins, Dist. Atty., for the United States.

HAMMOND, J. Upon the foregoing agreement, facts, and record, the only thing to be determined by the court is the question whether, under the law, the fees are proper. Section 7 of the act of March 3, 1887, first above cited, provides, in cases of this kind, "that it shall be the duty of the court to cause a written opinion to be filed in the cause, setting forth the specific findings by the court of the facts therein, and the

conclusions of the court upon all questions of law involved in the case, and to render judgment thereon." The fact of the rendition of the services being conceded by the agreement precludes any further necessity on the part of the court than to simply find the facts true as alleged in the petition, leaving only conclusions of law to be reached.

The first item, for "making dockets and indexes, taxing costs," etc., amounting to $610, must be disallowed the plaintiff, under the rulings of the supreme court in *U. S.* v. *Ewing*, 140 U. S. 142, 11 Sup. Ct. Rep. 743, and *U. S.* v. *McDermott*, 140 U. S. 151, 11 Sup. Ct. Rep. 746.

The second item in plaintiff's petition is for $92.10 fees for drawing complaints in criminal cases. These complaints are sworn to, and each is the basis upon which the warrant in the case issued. In the eight different accounts, in which these fees are here sued for, there was no uniformity in the late comptroller's rulings,—in four of them petitioner was disallowed all over two folios for each complaint; in two, all over three folios; in another, all the fees; and in still another, none were disallowed. There is no claim here, and cannnot be, that undue prolixity has been employed, or that there has been any attempt to thus increase these fees. They must therefore be allowed the petitioner under the express authority of *U. S.* v. *Ewing*, *supra*, and *U. S.* v. *McDermott*, *supra*, as well as *U. S.* v. *Barber*, 140 U. S. 164, 11 Sup. Ct. Rep. 749, and *U. S.* v. *Barber*, 140 U. S. 177, 11 Sup. Ct. Rep. 751. The plaintiff has charged these fees at 15 cents per folio of 100 words, while, under the cases cited, the supreme court has decided that he is entitled to receive 20 cents per folio, or one-third more than $92.10, or in all the sum of $122.80, which is here allowed.

The fees in the third item of this petition, for drawing "jurats" or "certificates" to the oaths of affiants to such complaints, should also be allowed in the sum of $34.20. *U. S.* v. *McDermott*, *supra*; *U. S.* v. *Barber*, 140 U. S. 164, 11 Sup. Ct. Rep. 749.

The fourth item of plaintiff's petition is for filing such complaints, $3.20; the sixth, for drafting bail-bonds of defendants, $16.20; the eighth, for drawing the affidavits of sureties to such bonds, touching their solvency and sufficiency as bondsmen, $7.95; and the eleventh, $43.20, for copies of process sent to the court in cases where defendants were held to bail. The supreme court holds in *U. S.* v. *Barber*, Id., that commissioners are entitled to these fees, and it follows that petitioner is entitled to a judgment for them here as claimed.

In *U. S.* v. *Ewing*, 140 U. S. 142, 11 Sup. Ct. Rep. 743, the fees of commissioners for "entering returns" of process issued by them, as well as their fees for issuing "temporary *mittimus* writs," were held to be proper charges against the government. The petitioner is therefore entitled to recover the $14.25 claimed in the ninth item of his petition, and the $9 claimed in the tenth item.

The seventh item here is $121, charged at 25 cents each for the acknowledgments of the principal and sureties to bail-bonds taken by him. In *U. S.* v. *Ewing*, *supra*, and *U. S.* v. *Barber*, *supra*, the supreme court has decided that the commissioner is only entitled to a single fee of 25

cents for all the acknowledgments to a single bond. Under this ruling, an examination of the schedules to this petition shows, and the district attorney and petitioner agree, that the recovery should be for the sum of $13.50, there having been 54 such bonds taken, in which all fees for acknowledgments were disallowed at the treasury department. The remainder of this item, being $107.50, must be disallowed to the plaintiff.

The next item in plaintiff's petition is the fee of 20 cents for affixing his commissioner's seal to warrants, writs of *mittimus*, etc., issued by him upon preliminary examinations, and amounting to $141.40. Section 828, Rev. St., gives clerks, "for affixing the seal of the court to any instrument, when required, twenty cents;" and the petitioner here claims under section 847, Rev. St., "the same compensation as is allowed to clerks for like services." Section 911, Rev. St., contains the enactment of congress regulating the "sealing and testing of writs," and provides that "all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof;" hence, as to writs issued by clerks of the federal courts, the seal is "required." That a "warrant or writ" is an "instrument," within the intent and meaning of these two sections of the statutes, there can be no doubt; and section 6, in the first chapter of the Revised Statutes, containing definitions, provides how seals shall be affixed "to any commission, process, or other instrument provided for by the laws of congress." So that, in case of clerks, the plain reading of the statute gives the 20 cents for affixing the court seal to any writ, the same being an "instrument." The argument that section 828, Rev. St., giving a fee of one dollar "for issuing and entering every process," etc., covers every charge in respect of and concerning the writ, is wholly untenable, because a subsequent part of the section in terms provides a fee for "entering" the "return" of it, and this service might just as well be said to be embraced in the one-dollar charge as the fee for affixing the seal, also expressly given. In the recent case of *McKinstry* v. *U. S.*, 40 Fed. Rep. 813, PARDEE and LAMAR, JJ., lay down the principle to be followed in the construction of these statutes giving fees, that where the service is required by law of an officer, who has performed it, and the statute allowing the officer's compensation "admits of two interpretations, the words should be construed liberally in favor of the officer, and not strictly in favor of the United States."

This leaves for consideration the question whether a seal is "required" to be affixed by a commissioner of the circuit courts to a warrant issued by him to procure the arrest for preliminary examination of the defendant named therein, and charged with the commission of a crime or violation of the penal statutes of the United States. The authority for the issuance of such warrants, and the holding of such preliminary examinations, is contained in section 1014 of the Revised Statutes, under the head of "Criminal Procedure," which provides that "for any crime or offense against the United States the offender may, by any * * * commissioner of a circuit court to take bail, * * * and agreeably

to the usual mode of process against offenders in the state, and at the expense of the United States, be arrested, and imprisoned or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense." At common law, according to Blackstone, "the warrant ought to be under the hand and seal of the justice," etc. 4 Bl. Comm. 290. And in 2 Bouv. Dict. tit. "Warrant," it is said: "A warrant should regularly bear the hand and seal of the justice, and be dated." In Tennessee, such seal is necessary, as has been expressly decided in *Tackett* v. *State*, 3 Yerg. 392, where defendant was indicted for and convicted of murder. The deceased was a constable, and had a magistrate's warrant for the defendant's arrest, and in attempting to execute it he was resisted and killed by the defendant. The court finds that "the warrant was in the usual form, except that it issued under the hand of the magistrate alone, without affixing his seal thereto;" and, in reversing the sentence of death, PECK, J., for the court, says: "The authorities amply sustain the position of the counsel for the prisoner that a warrant commanding an arrest on behalf of the state, not having the magistrate's seal, is void;" citing 2 Inst. 52; 1 Salk. 174; 1 Hale, P. C. 577; 2 Hale, P. C. 110, 111; 2 Hawk. P. C. c. 3, § 21; Com. Dig. "Improvement," H, 7; 4 Bl. Comm. 290, (quoted *supra;*) and *State* v. *Curtis*, 1 Hayw. (N. C.) 471. And this case has been recognized in later decisions. *Bell* v. *Farnsworth*, 11 Humph. 609; *Galvin* v. *State*, 6 Cold. 283, 291.

The form of the teste to warrants and other writs in use by the commissioners in this district is, and for many years has been, as follows: "Given under my hand and official seal this ———— day of ————, 18—, and of the independence of the United States the ———— year;" to which the commissioner adds his official signature, and affixes or impresses his seal of office; and such is the form used by the petitioner on the writs issued by him, the fees for which he is here claiming. This is also substantially the form laid down by all the books of procedure, every one of which, so far as I have observed, provides for the affixing of the commissioner's seal to a writ issued by him. Roe's Crim. Proc. pp. 118, 119; Bump, Fed. Proc. 912, 914; Field, Fed. Courts, 786, 796, 798.

The petitioner's official seal having been duly affixed to the writs issued by him as charged for here, the same having been done in pursuance of a practice of long standing in this district, and in accordance with the requirements of the law, and the fees therefor being prescribed by statute, the plaintiff is entitled to judgment for them. *Fish* v. *U. S.*, 36 Fed. Rep. 677, 681. It follows, therefore, that a decree or judgment should be entered in favor of the petitioner against the United States for the sum of $405.70, in accordance with the foregoing opinion, and for costs, and it is so ordered.