Peelle, J.,
delivered tbe opinion of tbe court:
Tbis is a commissioner’s case for various services rendered as sucb from July 9,1885, to February 28,1888, and all come witbin tbe period of six years from tbe date of filing tbe petition herein, August 20,1889.
There are seven items in tbe account, all of which are consented to by tbe Attorney-G-eneral and are proper charges for allowance, except as to items 3 and 4; and as to them the Attorney-General objects as not allowable under tbe statute or any decision of tbe Supreme or tbis court.
Tbe items of charge are as follows:
3. Certificates to acknowledgments.
Tbe claimant affixed to each of said acknowledgments a certificate in tbe following form:
“ Taken and acknowledged before me at tbe time and place aforesaid, and having beard tbe statements, under oath, of the said sureties, that they are seized and possessed of property in the said middle district of Alabama amounting in tbe aggregate to double tbe penalty of said bond, I hereby approve tbe form and sufficiency thereof.
“Bttshrod W. Bell,
“ Commissioner of the Circuit Court of the

United States for said distrietP

For each of said certificates tbe commissioner charged 15 cents, amounting in all to $129.45.
4. He also affixed bis certificate to acknowledgments to witnesses’ recognizances, one for each instrument, and charged therefor 15 cents, tbe whole amounting to $131.55.
Tbe contention of tbe claimant is that said items were included in tbe record in tbe case of tbe United States v. Barber (140 U. S. R., 164), which went up on appeal from tbe District court of tbe United States for tbe middle district of Alabama; and that inasmuch as tbe judgment of the lower court was affirmed, though no reference was made to sucb items in tbe opinion of tbe court, that therefore sucb charges are allowable under that decision. If tbe judgment of tbe court below *68 bad been affirmed without opinion the contention of the claimant would perhaps be correct,* but an examination of that case shows that although the items referred to were in the record and objected to by the Attorney-General in his brief, still said items were evidently not in the mind of the court, for after taking up the items objected to by the Attorney-General as they seem to have understood them, they make no reference to the items for “certificates to acknowledgment” perhaps for the obvious reason that they regarded “acknowledgments” and “ certificates to acknowledgment” as one and the same transaction. Indeed it is difficult to conceive how an officer can take an acknowledgment without affixing thereto the ordinary certificate as evidence of such acknowledgment, so that when an officer takes an acknowledgment the certificate thereto, for which the claimant seeks to recover, is the necessary evidence of the official transaction and without which the claimant would not be entitled to recover even for such acknowledgment. The claimant having been allowed the fee of 25 cents for the acknowledgment, as a single transaction, can not now recover compensation for having affixed his certificate thereto.
The opinion of the Supreme Court, after reviewing the items objected to by the Attorney-General, and making no reference to “certificates to acknowledgments,” says in the last paragraph of said opinion:
“These embrace all the items to which objection is made by the Attorney-General, etc.”
So that it is clear from a reading of the opinion that the items for which compensation is sought were not considered by the court, and are not, therefore, allowable under that decision, or indeed under any statute or decision of which we are advised, and said items are, therefore, disallowed. Judgment is awarded the claimant for the residue of his claim in the sum of $849.45.
Davis, J., did not sit in this case and took no part in the decision.