## UNITED STATES v. DUNDY.

(Circuit Court of Appeals, Eighth Circuit.   October 5, 1896.)

No. 744.

1. UNITED STATES COMMISSIONER—FEES.
    A commissioner is entitled to the legal fee for a written order to a jailer for the release of a prisoner on bail.

2. SAME—TRANSCRIPT.

Where proceedings are had before the commissioner, under Rev. St. § 1014, agreeably to the usual mode of proceedings against offenders in the state, and the offender is imprisoned or bailed for trial, the commissioner is entitled to fees for a transcript of proceedings returned into the clerk's office of the court having cognizance of the case.

3. SAME—REDUCING EVIDENCE TO WRITING—PRACTICE.

It is important that a commissioner should write out the testimony taken before him in preliminary examinations, and he is entitled to fees therefor as an examining magistrate.

In Error to the Circuit Court of the United States for the District of Nebraska.

A. J. Sawyer, U. S. Atty.

Charles H. Marple, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This action was brought by Elmer S. Dundy, Jr., the defendant in error, against the United States, to recover certain fees for services performed by him as commissioner of the circuit court of the United States for the district of Nebraska, which had been disallowed by the proper accounting officers of the treasury department. The assignments of error will be considered in their numerical order.

1. Where a United States prisoner is committed to jail by a commissioner for want of bail, and afterwards gives bail, the commissioner is entitled to charge the legal fee for a written order to the jailer to liberate the prisoner. The commissioner is not required to go in person to the jailer, and give directions for the prisoner's release. The jailer is entitled to some more durable and substantial evidence of his authority to liberate a prisoner than a mere verbal message from the commissioner.

2. Where proceedings are had before the commissioner, under section 1014, Rev. St. U. S., agreeably to the usual mode of proceeding against offenders in the state, and the offender is imprisoned or bailed for trial, the commissioner is entitled to fees for a transcript of the proceedings returned into the clerk's office of the court having cognizance of the offense. Section 5912 of the Consolidated Statutes of Nebraska requires a complaint in writing to be filed before a magistrate previous to the issuing of a warrant; and section 5933 of the same statutes reads as follows:

"It shall be the duty of every magistrate in criminal proceedings to keep a docket thereof as in civil cases. All recognizances taken under this title, together with a transcript of the proceedings, where the defendant is held to answer, shall be certified and returned forthwith to the clerk of the court at which the prisoner is to appear. The transcript shall contain an accurate bill of all the costs that have accrued, and the items composing the same."

Under section 1014 of the Revised Statutes of the United States it was the duty of the commissioner to follow the procedure prescribed by this section of the state statute, and for so doing he was entitled to the prescribed fees for such services. U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. 743. In U. S. v. Barber, 140 U. S. 164, 167, 11 Sup. Ct. 751, the supreme court said:

"In most districts it is the habit of commissioners to send up the original proceedings before them,—a practice to which there seems to be no objection, conducing, as it does, to a diminution of expenses to the government; but, where the requirements of section 1014 are literally adhered to, the expense of preparing such transcript is a proper charge against the government."

3, 4. The commissioner is entitled to fees for writing out the testimony of witnesses in examinations had before him as an examining magistrate. In U. S. v. Ewing, 140 U. S. 142, 147, 11 Sup. Ct. 744, the supreme court said such a charge "is clearly allowable," and that writing out the testimony in such proceedings "is the general practice in every properly conducted commissioner's office." It is very important to the interests of the government that the testimony of the witnesses in these preliminary examinations should be reduced to writing, and sent up with the transcript of the proceedings. This is the only mode in which the district attorney, who seldom attends the examination before the commissioner, can acquire exact information as to the nature of the offense, ascertain the names of the material witnesses, and acquire a knowledge of the particular facts that can be proved by each. It has always been the practice of the commissioners in the district of Nebraska to write out and send up with the transcript of the proceedings before them the testimony of the witnesses, and this practice has been approved and confirmed by the judgments and orders of the United States court in that district as often as the accounts of commissioners have come before the court for examination and approval. If a rule of court was essential to the validity of a charge for such services, the uniform and unvarying practice of the court and its officers in this regard for more than a quarter of a century has all the force and effect of a written rule of court on the subject. Bank v. Farwell, 6 C. C. A. 24, 56 Fed. 570. The judgment of the circuit court is affirmed.