## MARVIN v. UNITED STATES.

(District Court, D. Connecticut. March 17, 1902.)

1. COSTS—FEE BILL—COURT RECORDS—EXPENSE OF CARTAGE.

   Expenses paid for cartage of court dockets, files, and minute books cannot be allowed to the clerk, but the item should be presented to the attorney general by the marshal for allowance by him, under the head of "Miscellaneous Expenses," in the department of justice.

2. SAME—CHARGE FOR COPY OF INDICTMENT.

   A charge for a copy of an indictment furnished by the clerk to accused at his request, but not shown to have been furnished to a United States marshal, or under order of the court, cannot be allowed.

3. SAME—DOCKET AND FINAL RECORD FEE.

   Where an accused was indicted in a federal court in Texas, and was apprehended in Connecticut, and brought before the clerk as United States commissioner, but the question of his removal was referred to the district judge, who admitted accused to bail, and thereafter ordered his removal, the clerk was entitled to charge docket, final record, and transcript fees.

4. SAME—COPY FEES.

   A clerk of a federal court is entitled to charge in his fee bill in a criminal case for copies of papers furnished to United States attorneys at their request, but he cannot charge for copies of an order excusing jurors, and for a copy of estimated costs furnished to a collector of internal revenue.

5. SAME—COPIES OF SUBPŒNAS—WARRANTS OF ARREST—COMPLAINTS.

   Since proceedings in criminal cases before United States commissioners are required to conform to the state practice, and in Connecticut the clerk of the state court is entitled to charge for copies of subpœnas, warrants of arrest, and complaints, a United States commissioner is entitled to charge for such items in his fee bill.

6. SAME—CHARGE FOR FURNISHING LIST OF WITNESSES.

   A charge for furnishing a list of witnesses cannot be allowed a United States commissioner, the requirement being fulfilled by sending a copy of the subpœna with the officer's return.

7. SAME—COPY OF MITTIMUS.

   Where the record of the proceedings in a criminal case shows that a mittimus was issued, a copy was unnecessary, and the United States commissioner was not entitled to charge therefor.

8. SAME—COPIES OF RECOGNIZANCES.

   Since Rev. St. § 1014, requires that the original recognizances in criminal cases be sent up, a commissioner is not entitled to charge in his fee bill for copies thereof.

114 F.—15

**9.** SAME—COPY OF MITTIMUS.

A clerk of a federal court is entitled to charge for a certified copy of a mittimus left with a jailer.

**10.** SAME—UNEXPLAINED CHARGES.

Where items of a clerk's fee bill are suspended by the department "for explanation," the court will not interfere to enforce allowance thereof until final determination by the department.

**11.** SAME—CERTIFICATES.

Since the clerk is required to make duplicate copies of orders to pay jurors, which he is required to keep in his office for public inspection, and such duplicates should be authenticated by the clerk's certificate, the clerk is entitled to charge for such certificates in his fee bill.

**12.** SAME—COPIES OF INTERROGATORIES.

A clerk is not entitled to charge in his fee bill for making copies of interrogatories in depositions in a criminal case.

**13.** SAME—FILING DEPOSITIONS AND EXHIBITS—CONTINUANCES.

A clerk is entitled to charge for filing and marking depositions and exhibits in a criminal case and for continuances, and this though the date of each term at which such continuances were taken was not stated.

**14.** SAME—ITEMIZED STATEMENT.

The clerk is not required to furnish an itemized statement of charges for entering in his minute book a memorandum as to court business transacted, and the hour of adjournment of court, as a condition to his right to the allowance of his fees for such entries.

**15.** SAME—STATUTES—PRESENTATION OF CLAIM BEFORE SUIT.

Acts June 27 and July 1, 1898 (2 Supp. Rev. St. pp. 813, 880), providing that no suit can be maintained by any United States officer to recover fees unless an account therefor has been presented for allowance and acted on in the auditing department, having no retroactive force, a clerk was not precluded from recovering fees in a suit begun before the passage of the act by reason of the fact that through inadvertence, or by reason of a custom to postpone such charges until termination of the cause, some of the charges included in the action had not been presented.

E. E. Marvin, in pro. per.

F. H. Parker, U. S. Atty.

TOWNSEND, District Judge. The first item is for cash paid for cartage of dockets, files, and minute books to and from New Haven; amount, $1.60. This charge was disallowed by the department on the ground that the marshal has the custody of court files, and should move them, if necessary. It seems clear that this is a proper expense, but I do not find any provision for its payment to a clerk. This item should have been presented to the attorney general by the marshal for allowance by him, under the head of "Miscellaneous Expenses," in the department of justice. The first item is disallowed. See Instructions to U. S. Marshals, Attorneys, Clerks, and Commissioners, 1899, p. 89 (instruction 562).

Item 6. The first charge is for a copy of indictment furnished by the plaintiff to an accused person at his request, and claimed to be payable under the rule that copies furnished to United States marshals in the scope of their duties, or under the order of the court, are chargeable. It does not appear from the statement that the copy was furnished to a United States marshal, or under an order of the court. The first charge is therefore disallowed. U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758, 35 L. Ed. 399. The second charge

is $1 for docket fee; final record, $3.15; and transcript of proceedings before plaintiff as United States commissioner, $3.45,—made in the case of United States v. Teams. This item does not seem to come within the cases cited. Teams came into this district, and while here was indicted in the United States district court at Paris, Tex., for murder. A copy of the warrant was brought here, and accused was brought before plaintiff and admitted his identity. He stated that he purposed to go to Texas and stand trial, but did not wish to be sent there long prior to the date of trial. The matter was brought before Judge Shipman, in this district, who refused to remove accused at that time, whereupon he was admitted to bail, and the hearing was adjourned from time to time until Judge Shipman issued a removal warrant, and admitted accused to bail on the removal warrant, himself, as judge of the district court. It is claimed the admission to bail, as the act of the judge of the court, required a docket and a record of the case to be made in the court. This charge is allowed. The third charge, $10.60, includes copies of papers furnished to United States attorneys at their request in criminal cases, which copies, presumably, were necessary to enable them to prepare their cases for trial. These charges are allowed. The fourth charges, of 75 cents for certified copies of order excusing jurors, and 20 cents for copy of estimated costs furnished to a collector of internal revenue, are disallowed, as there appears to be no statutory authority therefor.

That part of item 7 which is contested by the government is for a total amount of $34. This includes charges for copies of subpœnas, warrants, complaints, mittimuses, recognizances, and witnesses. The statutes and authorities hold that proceedings before a commissioner should conform to the state practice. Gen. St. Conn. § 697; U. S. v. Barber, 140 U. S. 164, 11 Sup. Ct. 749, 35 L. Ed. 396; U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. 743, 35 L. Ed. 388; Marvin v. U. S. (C. C.) 44 Fed. 405, 410, 411; U. S. v. Dundy, 22 C. C. A. 219, 76 Fed. 355. In this state the charges for copies of subpœnas, warrants of arrest, and complaints are proper ones, and are therefore allowed. The charges for list of witnesses are disallowed, as the requirement is fulfilled by sending copy of subpœna with the officer's return. As to the mittimus, it appears from the record of proceedings that one was issued, and therefore a copy was unnecessary. As to recognizances of witnesses, Rev. St. § 1014, requires that the original recognizances should be sent up. The charges for copies of mittimus and recognizances are therefore disallowed. U. S. v. Barber, 140 U. S. 167, 11 Sup. Ct. 749, 35 L. Ed. 396.

Item 8. Charge for certified copy of mittimus left with jailer is allowed on the authority of Van Duzee v. U. S. (D. C.) 48 Fed. 643, 651 (item 16); Erwin v. U. S. (D. C.) 37 Fed. 470, 487, 2 L. R. A. 229 (item 15).

As to item 10, for $2, the comptroller's report (152,913) states that this charge "is suspended" for further explanation. By the auditor's report (page 9, item 18), it appears that this item has never been explained. "If such claims are presented to the department for allowance, and this department, in the exercise of its discretion, suspends

action upon them until proper vouchers are furnished, or other reasonable requirements are complied with, the courts should not assume jurisdiction until final action is taken. So long as the claim is suspended and awaiting final determination in the department, the court should not be called on to interfere." U. S. v. Fletcher, 147 U. S. 664, 667, 13 Sup. Ct. 434, 37 L. Ed. 322.

Item 11 is a charge of $9.45 for certificates of substance of orders to pay jurors. The statute requires such vouchers and accounts to be made in duplicate; that the clerk shall forward the originals to the proper accounting officers, and "retain in his office the duplicates, where they shall be open to public inspection at all times." If the department had not required a duplicate copy, or that such duplicate copy should be authenticated, the clerk would not be entitled to these fees. U. S. v. Van Duzee, 140 U. S. 169, 174, 11 Sup. Ct. 758, 35 L. Ed. 399; Jones v. U. S. (D. C.) 39 Fed. 410, 412. But as the copy required must be a duplicate, and must be one appropriate for public inspection, it should be authenticated at least by the certificate of the clerk. This item is allowed.

Item 13, for filing interrogatories and cross interrogatories attached to a commission to take testimony in United States v. Salt; making copies thereof for the use of the court in hearing on allowance of same, 60 cents; for filing and marking depositions and exhibits, $1.50; total, $2.10. The charges for copies of interrogatories, 60 cents, are disallowed on the ground that there is no provision therefor in the fee bill. The charges for depositions and exhibits, $1.50, are allowed. Goodrich v. U. S. (C. C.) 35 Fed. 193; U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758, 35 L. Ed. 399.

Item 16. Charges for continuances, 90 cents, are allowed. Rev. St. § 828; U. S. v. Kurtz, 164 U. S. 49, 17 Sup. Ct. 15, 41 L. Ed. 346. No necessity appears for stating the date of each term.

Item 17. Charges under this item amount to $6, and are for entering in the minute book a memorandum as to court business transacted and the hour of adjournment. This charge was suspended for an itemized statement of same. It does not appear that any such itemized statement is required, and the charge is allowed. Erwin v. U. S. (D. C.) 37 Fed. 470, 2 L. R. A. 229.

The charges in items 18, 19, and 20 are for charges correct in amount, and such as are allowed in the ordinary quarterly accounts of clerks. Some of the charges were omitted from the plaintiff's accounts through inadvertence, and others because of his custom to postpone such charges until the termination of the cause. They have, however, been presented in a supplemental account, and approved by the court. For this reason these items have not been presented to or passed upon by the auditing department. In accordance with the provisions of acts of June 27 and July 1, 1898 (2 Supp. Rev. St. pp. 813, 880), no suit can be maintained by a United States officer to recover fees unless an account therefor has been presented for allowance and acted upon in the auditing department. This suit, however, was commenced prior to the passage of said statute. The statutes are not retroactive, and therefore do not affect plaintiff's right to recover. These charges are allowed.