

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 15, 1960

Honorable R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

Opinion No. WW-799

Re: Minimum recording fee
to be charged by County
Clerks for recording
any paper or record
under the provisions
of Article 3930, Ver-
non's Civil Statutes.

Dear Mr. Lattimore:

We refer to your letter of recent date requesting an opinion of this office on the following question:

> Should the word "paper" and the word "record" as used in Article 3930, Vernon's Civil Statutes, be interpreted to mean an instrument or document, or should same be interpreted to refer to a <u>page</u> of an instrument or document?

Article 3930, Vernon's Civil Statutes, provides in part as follows:

> "Clerks of the County Court may receive not to exceed the following fees:

> ". . .

> "Recording, transcribing or copying all papers or records required or permitted by law to be recorded, transcribed or copied, with or without certificate and seal, for each 100 words, not otherwise provided for           .20

and

"Providing, however, that the minimum fee for recording any paper or record shall be                    $1.00"

In the case of Nogueira v. State, 59 S.W.2d 831 (1933), Judge Lattimore, in this opinion, states:

". . . except when a word, term, or phrase is specially defined, all of same are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject-matter relative to which they are employed. . . ." (Emphasis by the Court).

In light of this opinion, we must determine the meaning of "paper" and "record" as it is used in the context of Article 3930.

In 67 Corpus Juris Secundum, page 555, the word "paper" is employed to mean a document, essay, or the like, a writing or any written or printed document or instrument.

The United States Supreme Court stated in United States v. Barber, 140 U.S. 164, 11 S.Ct. 749 (Ala. 1891):

". . . Section 828 allows 'for filing and entering every declaration, plea or other paper, ten cents.' Each deposition is not necessarily a 'paper' within the meaning of this clause. If two or more depositions are embraced in a single paper, or a series of sheets are attached together, they form but a single paper, within the meaning of the law. . . ."

The word "record" was defined in Nogueira v. State, supra. The opinion states that the word "record" in its broadest sense, is a memorandum, public or private, of what has been done, ordinarily applied to public records only, in which sense it is a written memorial made by a public officer.

Honorable R. L. Lattimore, page 3 (WW-799).


The above cited authorities give no indication whatsoever that the word "paper" or "record" should be taken to mean a separate page or sheet of an instrument, but in the alternative, it would seem to indicate that each term should be interpreted to mean an instrument or document.

Therefore, in view of the above, we are of the opinion that the word "paper" and the word "record" as used in Article 3930, Vernon's Civil Statutes, should be interpreted to mean an instrument, document, or the like, and not a separate page or sheet of same.

### SUMMARY

The word "paper" or "record" as used in Article 3930, Vernon's Civil Statutes, refers to an instrument, document or the like, and does not mean a page or sheet.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
James M. Farris
Assistant

JMF:mfh

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman

W. Ray Scruggs
B. H. Timmins, Jr.
Linward Shivers
Martin DeStefano

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore