## UNITED STATES v. RAND.

### (Circuit Court of Appeals, First Circuit. November 29, 1892.)

### No. 24.

**1** CLAIMS AGAINST UNITED STATES — JURISDICTION OF CIRCUIT AND DISTRICT COURTS—COMPTROLLER'S DECISIONS.

Act March 3, 1887, (24 St. p. 505,) giving the circuit and district courts concurrent jurisdiction of claims against the United States, contains a proviso that it shall not be construed as giving those courts jurisdiction to hear and determine "claims which have heretofore been rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same." Rev. St. § 269, directs the first comptroller of the treasury "to superintend the adjustment and preservation of the public accounts subject to his revision;" and section 191 provides that "the balances which may from time to time be * * * certified to the heads of departments by * * * the comptrollers of the treasury, upon the settlement of public accounts, shall not be subject to be changed or modified by the heads of departments, but shall be conclusive upon the executive branch of the government, and be subject to revision only by congress or the proper courts." *Held,* that the disallowance of a circuit court commissioner's fees by the first comptroller of the treasury is not within the proviso, as the decision of the comptroller is conclusive only within the executive department. Rand v. U. S., 36 Fed. Rep. 671, overruled. Harmon v. U. S., 43 Fed. Rep. 560, followed.

**2.** SAME—DISALLOWANCE—RES JUDICATA.

The disallowance by a district court, of a claim against the United States for fees, for supposed want of jurisdiction to pass upon the merits, is not a bar to a subsequent petition for the allowance of the claim, after determination that the court has jurisdiction.

**3.** UNITED STATES COMMISSIONERS—DOCKET FEES.

Under Rev. St. § 847, providing that the commissioner shall receive "for issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services," the commissioner is entitled to docket fees earned before the passage of the deficiency appropriation bill of August 4, 1886, which contained a proviso "that for issuing any warrant or writ, or for other necessary service, commissioners may be paid the same compensation as is allowed to clerks for like services, but they shall not be entitled to any docket fees;" since such proviso was intended as an amendment to section 847, and was prospective in its operation. U. S. v. Ewing, 11 Sup. Ct. Rep. 743, 140 U. S. 142, and U. S. v. Wallace, 6 Sup. Ct. Rep. 408, 116 U. S. 398, followed.

SAME—FEES FOR RECOGNIZANCES AND WARRANTS FOR COMMITMENT.

Rev. St. § 1014, provides that proceedings for the examination of persons charged with offenses against the United States are to be conducted "agreeably to the usual mode of process against offenders in such state;" and Rev. St. Me. c. 133, § 10, provides for the recognizance of the party upon any adjournment of the examination, and for his commitment if no sufficient sureties are offered, or his offense is not bailable. *Held,*

that the commissioner is entitled to a fee for drawing recognizances or warrants of commitment of defendant on adjournments from day to day.

**5. SAME—PER DIEM FEES.**
The commissioner, in hearing and determining criminal charges, is entitled to his per diem fees on days when there are no examinations of witnesses or arguments of counsel.

**6. SAME—FEES FOR DRAWING AND FILING COMPLAINTS AND WARRANTS AND ENTERING RETURNS.**
The commissioner is entitled to fees for drawing complaints, for entering returns of warrants and summons, and for filing complaints and warrants, even in cases where the accused is already in custody under process from the state court.

Appeal from the District Court of the United States for the District of Maine.

Petition by Edward M. Rand for allowance of claim against the United States for fees for services rendered as commissioner of the circuit court of the United States for the district of Maine, from January 1, 1886, to September 30, 1886, and from January 1, 1889, to June 30, 1890. Claim allowed. Defendant appeals. Affirmed.

For opinions rendered on previous applications of petitioner, involving the same or similar questions, see 36 Fed. Rep. 671, and 38 Fed. Rep. 665.

Act March 3, 1887, gives the United States circuit and district courts concurrent jurisdiction of claims against the United States, with a proviso that nothing in this section giving such jurisdiction "shall be construed as giving to either of the courts herein mentioned jurisdiction to hear and determine * * * claims which have been heretofore rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same."

Rev. St. § 191, provides that "the balances which may from time to time be * * * certified to the heads of departments by the * * * comptrollers of the treasury, upon the settlement of public accounts, shall not be subject to be changed or modified by the heads of departments, but shall be conclusive upon the executive branch of the government, and be subject to revision only by congress or the proper courts." Section 269 declares that it shall be the duty of the first comptroller of the treasury "to superintend the adjustment and preservation of the public accounts subject to his revision."

Rev. St. § 847. relating to commissioners' fees, fixes no special fee for taking a recognizance, but provides "for issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services."

Act Aug. 4, 1886, entitled "An act making appropriation to supply deficiencies in the appropriations for the fiscal year ending June 30, 1886, and for prior years, and for other purposes," provides that certain sums be "appropriated to supply deficiencies in the appropriation for the fiscal year 1886, and for other objects, hereinafter stated. * * * For fees of commissioners. * * * $50,000: provided, that for issuing any warrant or writ, or for other necessary service, commissioners may be paid the same compensation as is allowed to clerks for like services, but they shall not be entitled to any docket fees."

Rev. St. § 1014, provides: "For any crime or offense against the United States, the offender may * * * by any commissioner of a circuit court to take bail * * * or other magistrate, of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense."

Rev. St. Me. c. 133, § 10, relating to examination of offenders, provides: "A magistrate may adjourn an examination before him, from time to time, for

not more than ten days at a time, and the accused may recognize with sufficient sureties for his appearance before him at the time of adjournment; but if no sufficient sureties are offered, or the offense is not bailable, the accused shall be committed to jail by an order of the magistrate, stating briefly the offense with which he is charged, and that he is commited for examination for a future day therein named; and, on the day appointed, he may be brought before such magistrate, by his verbal order to the officer committing him, or by written order to any other person."

The following opinion was delivered in the district court on November 28, 1891:

"WEBB, District Judge. This petition is for the allowance of fees as commissioner of the circuit court, which have been rejected by the comptroller of the treasury. As originally presented, the claim amounted to a total of $409.85. Subsequent amendments, made under recent decisions of the supreme court in respect to fees of various officers, have stricken out items amounting to $162.75, leaving only the sum of $247.10 to be passed upon by this court. The case is heard on demurrer, and the contention by the United States is that, though the services have all been performed, the petitioner is not legally authorized to charge them, or to be paid for his work.

"Though the items are numerous, they belong to only a few classes. A portion of these items were included in the proceeding by this same petitioner in 1888, and was then, upon the authority of Bliss v. U. S., 34 Fed. Rep. 781, held not to be within the jurisdiction of this court. Rand v. U. S., 36 Fed. Rep. 671. Such disposition of the claim for supposed want of jurisdiction to pass upon its merits does not operate as a bar to this petition. The former ruling against the jurisdiction, because the demand had been rejected by the comptroller prior to March 3, 1887, must be regarded as erroneous, under the decision of the circuit court in this circuit and district in Harmon v. U. S., 43 Fed. Rep. 560.

"In this portion of the petition are charged docket fees aggregating $17 prior to August, 1886. The supreme court has declared that the proviso in the deficiency appropriation act of August 4, 1886, (24 St. p. 274,) was general legislation, intended as an amendment of Rev. St. § 847, and not a mere restriction upon the use of the moneys appropriated by that act. U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. Rep. 743. The enactment was then prospective in its operation, and had no retroactive effect upon docket fees before earned, and upon the authority of U. S. v. Wallace, 116 U. S. 398, 6 Sup. Ct. Rep. 408, the petitioner is allowed the $17 so charged.

"In the petition so amended no other docket fees are claimed. The items are: (1) Recognizances of parties, from day to day, and final; (2) complaints; (3) per diem allowances; (4) recognizances of witnesses; (5) entering warrants and summons and warrants to commit; (6) copies of returns to court; (7) acknowledgments to recognizances; (8) warrants to commit from day to day.

"The charges for recognizances of defendant from day to day are objected to as unwarranted. The objection has no weight. Proceedings for examination of persons charged with offenses against the United States are to be conducted 'agreeably to the usual mode of process against offenders in such state.' Rev. St. § 1014. The statute of the state of Maine expressly provides for recognizance of the party upon any adjournment of an examination. Rev. St. Me. c. 133, §§ 10, 11. A further objection is that the recognizances exceed the length arbitrarily decided by the comptroller to be sufficient in all cases. Inspection of the records of these recognizances does not reveal any useless and unjustifiable verbiage. On the contrary, they are carefully and prudently framed for the protection of the government, if resort to the security of the recognizances should be necessary, and at the same time preserve the rights of defendants.

"The fees for complaints are proper. Rand v. U. S., 36 Fed. Rep. 672; Rand v. U. S., 38 Fed. Rep. 666; U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. Rep. 743. It is suggested by the comptroller that a party arrested and brought before a commissioner, upon a complaint for one offense, may, without any new proceedings, be bound over, or committed to answer for anything else in respect to which, in the progress of his examination, evidence against him may

appear. Upon this ground complaints charging, in proper terms, distinct offenses are declared to be of excessive length, and fees for same are reduced. The reasoning is, if upon the hearing it should transpire that the defendant cannot be held upon the charge made in the complaint, but had committed some distinct offense, 'there would be no difficulty in holding him to answer for the latter, because the defendant is not held by the commissioner upon the papers issued, but upon the testimony as it is developed upon the hearing.' To such a proposition no answer is necessary.

"The fees for per diem allowances have been withheld, upon the theory that such fees are not chargeable upon days when there was no examination of witnesses, or argument of counsel. This question may be regarded as now finally determined in favor of the charges. U. S. v. Jones, 134 U. S. 483, 10 Sup. Ct. Rep. 615; U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. Rep. 743.

"Recognizances of witnesses from day to day when hearing was adjourned, and final, for their attendance at court, are proper charges. The length of the recognizance must be left to the discretion and integrity of the commissioner. It is not practicable to say beforehand what length is sufficient in all cases. By amendment, all charges in excess of one recognizance for all the witnesses in a case have been stricken out from the petition. Like amendment has been made in respect to acknowledgment of recognizances. The charges are proper. U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. Rep. 743.

"The return of proceedings to court, and copies returned to court, were in compliance with the requirement of a rule of court. There is no evidence that they were unnecessarily prolix. The petitioner has a right to be paid for them.

"He is also entitled to receive the amounts charged for entering returns of warrants and summons, and for filing complaints and warrants. Rand v. U. S., 38 Fed. Rep. 666; U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. Rep. 743; U. S. v. Barber, 140 U S. 177, 11 Sup. Ct. Rep. 751. The theory that no warrant is necessary when the party accused is already in custody under process from the state court, is untenable. When the state's custody ceases, there must be a proper process to authorize holding him in behalf of the United States.

"Warrants of commitment from day to day during the examination before the commissioner are proper. Rev. St. Me. c. 133, §§ 10, 11; U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. Rep. 743.

"On examination of treasury statements 116,967 and 121,602, I find in them errors of computation, amounting together to $2.15, as claimed in the petition. No resistance to correction of these errors is made.

"No valid objection is found to any charge in the petition as amended, and judgment is ordered for the petitioner for the sum of $247.10, and for costs."

Isaac W. Dyer, U. S. Atty.
Edward M. Rand, pro se.

Before COLT and PUTNAM, Circuit Judges, and NELSON, District Judge.

No written opinion was given, but COLT, Circuit Judge, in announcing the decision of the circuit court of appeals, approved the opinion (supra) of Judge WEBB in the district court, and its reasoning and conclusions.