## HALLETT v. UNITED STATES.

(Circuit Court, District of Massachusetts. October 8, 1894.)

### Nos. 3,442–3,444.

1. UNITED STATES COMMISSIONERS—FEES—RECOGNIZANCE OF WITNESSES.

A commissioner of the United States courts has no authority, under Rev. St. § 879, to charge for taking recognizances of witnesses to appear at an adjourned hearing before him, as the power given by it "to any judge or other officer" to take recognizances of any witness produced against the prisoner "for his appearance to testify in the case" refers only to taking recognizances of witnesses to appear before the court having cognizance of the offense.

2. SAME.

The authority of a commissioner to charge for taking recognizances of witnesses to appear at an adjourned hearing before him depends on whether the laws of the state where the proceedings take place authorize a committing magistrate to take such recognizances, Rev. St. § 1014, requiring proceedings for holding accused persons to answer before a federal court to be "agreeably to the usual mode of process against offenders in such state."

3. SAME.

A commissioner cannot make such charges in Massachusetts except when defendant is charged with a crime punishable by death or life imprisonment, as in no case do the statutes of that state expressly authorize a committing magistrate to take such recognizances, and no authority is to be implied from his power to adjourn hearings.

4. SAME—APPROVAL OF ACCOUNT BY COURT.

The approval by the court of a commissioner's accounts, while prima facie evidence of their correctness, and conclusive as to matters within the discretion of the commissioner, and where there is no clear proof of mistake by the court, is unavailing where the commissioner clearly acted without authority.

5. SAME—RETURN OF PROCEEDINGS.

A commissioner can charge for copies of process and return of proceedings to the court where defendants were not arrested or were discharged, the court having, at the request of the attorney general, entered an order directing commissioners, after final disposition of each case, to return copies of all papers. with recognizances taken, and transcript of the proceedings, though such requirement was conditioned on provision being made for compensating the commissioner therefor.

6. SAME—ENTERING RETURNS OF WARRANTS AND SUBPOENAS.

A commissioner can charge for entering returns of warrants and subpoenas, Rev. St. § 847, giving him the same compensation as is allowed to clerks for like service, and section 828 allowing clerks "for entering any returns" 15 cents.

7. SAME—ENTERING ORDERS OF CONTINUANCE.

A commissioner is also entitled to the same fees as a clerk for entering orders of continuance.

8. SAME—SUSPENSION BY COMPTROLLER.

Accounts of a commissioner, which have long been suspended by the comptroller, will be held not to be still pending in the treasury department, but to have been rejected by it.

9. SAME—ACKNOWLEDGMENTS OF RECOGNIZANCE.

A commissioner cannot charge for more than one acknowledgment to a recognizance.

˙10. SAME—RECOGNIZANCE OF WITNESS.

A commissioner cannot charge for more than one final recognizance of all the witnesses in a case, without its being shown that they could not conveniently be recognized together.

. 11. SAME.

It is in the discretion of the commissioner to take recognizances of defendants and witnesses recognized in previous cases for the same grand jury.

12. SAME—ORDER TO PAY WITNESSES.

The commissioner has discretion to make more than one order to pay witnesses in a case.

Actions by Henry L. Hallett against the United States for fees as commissioner.

These cases were heard upon the following agreed statement of facts:

It is hereby agreed by and between the parties to the above-entitled cases, which, by a previous agreement duly filed in said court, are to be consolidated and heard and tried together, that said cases may be and hereby are submitted to said court for its decision upon the following facts, which are to be taken as true:

First. During the whole time when the services mentioned in the petitions in said cases were performed there was entered upon the docket of said court an order of court of the tenor following, to wit:

"Circuit Court of the United States, District of Massachusetts.

"Order of Court.

"January 11, 1882.

"1. Each commissioner of this court acting in criminal cases shall keep a docket, in which he shall enter all applications for warrants granted by him, stating briefly the nature of the offense, the name of the complainant, the date of issuing of the warrant, and all subsequent proceedings thereunder; also the names of witnesses present and examined. At the foot of the docket in each case, the commissioner shall enter a statement of all fees and expenses accruing in the case, including his own fees.

"2. No warrant shall be issued by a commissioner for the arrest of a person charged with having violated any of the laws of the United States,

upon the complaint of any person, unless a collector of customs, or of internal revenue, or a deputy collector, or a treasury, revenue, or postal agent, or the district attorney for this district, or one of his assistants, shall have certified as to such complaint that in his opinion it is such an offense as should be prosecuted, and shall have requested that a warrant for the arrest of the accused be issued.

"3. After the final disposition of each case before him, the commissioner shall forward to the clerk of the court of the United States for this district having cognizance of the offense charged copies of all the papers, together with all recognizances taken by him, in the case, with a proper transcript of the proceedings, in which he shall schedule the papers forwarded, and to which he shall add a statement of all the fees accruing in the case, including his own fees.

"4. At the end of each quarter, or within ten days thereafter, each commissioner shall make out and deliver, or cause to be delivered, to the clerk of this court, a report in duplicate of all cases brought before him and disposed of during the quarter, one to be retained by the clerk, and the other to be forwarded by him to the attorney general; and a separate report of internal revenue causes so brought to be forwarded by the clerk to the commissioner of internal revenue. These reports shall be made upon such forms as shall be prescribed and furnished by the department of justice.

"5. Sections 3 and 4 of this order are conditional upon suitable provision being made for compensation to commissioners for performing the services therein required of them.

"6. The clerk of this court is instructed to furnish each of the commissioners for this district with a copy of this order, to distribute such blanks for commissioners as may be sent to him by the department of justice, and to forward to the attorney general and to the commissioner of internal revenue the reports delivered to him for these officers under the fourth section of this order.     By the Court, John G. Stetson, Clerk.

"A true copy.

"Attest: Alex. H. Trowbridge, Clerk.

"Nov. 6, 1893."

Second. That the total amounts claimed by the petitioner in said cases for the several classes of services alleged to have been performed by him and disallowed or suspended by the comptroller of the treasury are as follows:

1. For taking recognizances of witnesses to appear before the commissioner at continued hearings.................... $1,424 20

2. For commitments of witnesses for appearance before the commissioner at continued hearings, and entering returns thereof ........................................... 189 70

3. For more than one warrant of commitment of the defendant and all the witnesses in the same case to secure their appearance before the circuit or district court............ 6 90

4. For filing temporary warrants of commitments of defendants for their appearance before the commissioner at continued hearings ......................................... 7 80

5. For filing temporary recognizances of witnesses for their appearance before the commissioner at continued hearings.. 7 80

6. For copies of process and return of proceedings in cases where the defendants were discharged by the commissioner ......................................... 1,023 80

7. For entering returns of warrants and subpoenas......... 130 05

8. For entering orders of continuance...................... 180 30

9. All charges in certain cases not joined with certain other cases ........................................... 151 20

These charges are suspended by the comptroller to know why the cases were not joined with certain other cases; and no information on the subject has ever been furnished by the petitioner or any one representing him to the comptroller.

10. Charges in certain cases not tried in other cities than the city of Boston.................................. 56 20

These charges were suspended by the comptroller to know why the said cases were not tried in other cities; and no information on the subject has ever been furnished to the comptroller by the petitioner, or by any one representing him.

11. Charges for filing certain papers......................... $ 76 00

These charges were suspended by the comptroller for information as to what papers were filed by the commissioner, and the necessity for filing so many papers. No information on the subject has ever been furnished to the comptroller by the commissioner, or by any person representing him.

12. For administering oaths and issuing certificates to supervisors of elections and deputy marshals................. 1,241 75

13. For recognizances of defendants to appear before the commissioner ......................................................... 30 00

14. For certain portions of complaints and recognizances alleged by the comptroller to be unnecessary and to render excessive the length of the documents of which they were a part ........................................................ 1,718 40

15. For acknowledgments of defendants and witnesses to recognizances ...................................................... 282 20

16. For affidavits of justification of sureties to bail bonds.... 9 20

17. For commitments of defendants for their appearance before the commissioner at continued hearings, and entering returns thereof ..................................... 204 70

18. For drawing complaints............................... 310 55

19. For drawing complaints in excess of four folios for each complaint ......................................... 47 05

20. For drawing complaints in excess of three folios for each complaint ......................................... 36 60

21. For drawing complaints in excess of two folios for each complaint ......................................... 50 95

22. For taking jurats to complaints....................... 55 65

23. For swearing defendants or their witnesses........... 47 60

24. For certain internal revenue cases alleged not to have been approved by the United States attorney for the district of Massachusetts ..................................... 108 80

25. For copies of process and return of proceedings alleged to be of excessive length................................ 535 75

26. For copies of process and return of proceedings in excess of 20 cents per folio for copies of warrants of arrest, and 15 cents per folio for certificates thereto............... 321 50

27. For more than one acknowledgment to each recognizance.. 223 75

28. For more than one final recognizance of all the witnesses in each case.......................................... 762 25

29. For recognizances of defendants or witnesses where the same defendants or witnesses were recognized in previous cases for the same grand jury...................... 35 10

30. For copies of process and return of proceedings in cases where no arrest of the defendant was made............. 10 00

31. For more than one order to pay witnesses in each case.... 28 45

It is further agreed that all of the above charges not expressly stated to have been suspended were absolutely disallowed. It is further agreed that the complaints in the internal revenue cases mentioned in item 24 were as a matter of fact approved by the United States attorney for the district of Massachusetts before warrants were issued thereon by the petitioner. It is further agreed that reference may be made to the pleadings and other papers properly filed in said case, and to the certified transcript to be filed herewith of such extracts from the books and proceedings of the treasury department as bear upon the charges sued for by the petitioner in the three consolidated cases aforesaid, so far as such pleadings, papers, and treasury transcript are not inconsistent with any of the facts herein agreed upon. And it is further agreed that the court may draw such inferences as a jury might draw from the facts herein stated. It is further agreed that during

the whole period when the services mentioned in the three petitions were performed, said Hallett was a duly-appointed commissioner of the circuit court of the United States for the district of Massachusetts. It is further agreed that the accounts of said Hallett containing the items mentioned in said three petitions were duly approved by the district court as required by law. And it is further agreed that said Hallett actually performed all the services mentioned in his three petitions. It is further agreed that in the case of the United States v. John C. Cook, at the October term of the circuit court of the United States for the district of Massachusetts of the year 1862, an opinion was rendered by the court in the words following, to wit: "This was a motion made by T. K. Lothrop, Esq., Assistant U. S. Attorney, for an order to William S. Dexter, Esq., one of the commissioners of the court, requiring him to make return to the court of his doings with respect to a complaint made before him on behalf of the United States against said Cook on the 18th day of July, A. D. 1862. And thereupon the said commissioner informed the court that the said Cook was, after hearing testimony in that behalf, discharged by the said commissioner, and that the said commissioner had been instructed by the treasury department at Washington that all charges for returns to court in cases where defendants were not arrested, or were discharged upon hearing, are unauthorized, and prayed the direction of the court in the premises; and thereupon it was ordered by the court that the return moved for be made by the commissioner. And the court was further of opinion, and instructed the commissioner, that return should be made of the doings of commissioners in all cases where the defendants were not arrested or were discharged upon hearing, and that the commissioners were authorized to charge therefor." It is further agreed that the order of court of January 11, 1882, mentioned above, was passed by said circuit court of the United States at the request of the attorney general of the United States.

John Lowell, for petitioner.
Sherman Hoar, U. S. Atty.

COLT, Circuit Judge (after stating the facts). These three cases, by agreement of parties, were consolidated and heard together. They relate to claims of Henry L. Hallett, commissioner, against the United States, for certain charges in his accounts which were disallowed by the comptroller of the treasury. Item 1 is for taking recognizances of witnesses to appear before the commissioner at adjourned hearings. The authority for making these charges rests upon sections 879 and 1014 of the Revised Statutes. The power given "to any judge or other officer" in section 879 to take the recognizances of any witness produced against the prisoner "for his appearance to testify in the case" plainly refers to the taking of recognizances of witnesses to appear before the proper court having cognizance of the offense, and does not have reference to the taking of recognizances of witnesses to appear before a commissioner at adjourned hearings before himself. The authority of the commissioner to make these charges must rest upon section 1014. This section declares that—

"For any crime or offence against the United States the offender may * * * by any commissioner of a circuit court to take bail, * * * of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, * * * be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offence. Copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case."

It was the purpose of this statute to assimilate all proceedings for holding accused persons to answer before a United States court to the laws of the state where the proceedings shall take place.

In U. S. v. Rundlett, 2 Curt. 41, Fed. Cas. No. 16,208, Judge Curtis says:

"My opinion is that it was the intention of congress by these words, 'agreeably to the usual mode of process against offenders in such state,' to assimulate all the proceedings for holding accused persons to answer before a court of the United States. to the proceedings had for similar purposes by the laws of the state where the proceedings should take place; and, as a necessary consequence, that the commissioners have power to order a recognizance to be given to appear before them, in those states where justices of the peace, or other examining magistrates, acting under the laws of the state, have such power."

In U. S. v. Case, 8 Blatchf. 250, Fed. Cas. No. 14,742, Judge Woodruff says:

"Congress having seen fit to direct that a party accused may, 'agreeably to the usual mode of process against offenders' in the state 'where he may be found,' 'be arrested and imprisoned, or bailed,' the court cannot say that a recognizance not warranted by the laws of the state, nor by any other act of congress, is of any validity."

In U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. 743, Mr. Justice Brown, speaking for the court, says:

"As this section requires proceedings to be taken 'agreeably to the usual mode of process against offenders in such state,' it is proper to look at the law of the state in which the services in such case are rendered to determine what is necessary and proper to be done, and inferentially for what services the commissioner is entitled to payment. U. S. v. Rundlett, 2 Curt. 41, Fed. Cas. No. 16,208; U. S. v. Horton, 2 Dill. 94, Fed. Cas. No. 15,393."

See, also, Hallett's Case, 5 Lawr. Dec. 281.

It appears, therefore, that the warrant for making these charges, if any, must be found in the statutes of Massachusetts. These statutes provide: That a court or justice may adjourn an examination or trial from time to time, as occasion requires, not exceeding 10 days at one time, without the consent of the defendant, and that in the meantime; if the party is charged with an offense not bailable, he shall be committed; otherwise he may be recognized in a sum, and with sureties, to the satisfaction of the court or justice, for his appearance for such further examination, and for want of such recognizance he shall be committed to prison. When the prisoner is admitted to bail or committed, the court or justice shall bind by recognizance the material witnesses against the prisoner to appear and testify at the next court having cognizance of the offense, and in which the prisoner shall be held to answer. For good cause the witness may be required to enter into a recognizance with sureties for his appearance at court. If a witness shall refuse to recognize with or without sureties, he may be committed to prison. Where a defendant is charged with an offense punishable with death or imprisonment for life, the court or justice may bind by recognizance the material witnesses against the prisoner to appear and testify at the time and place to which the trial or examination is adjourned. Pub. St. Mass. c. 212, §§ 26, 36–39; Acts Mass. 1885, c. 136, pp. 594,

595. There is no express power in these statutes authorizing a committing magistrate to take the recognizances of witnesses to appear before himself at adjourned hearings, except when a defendant is charged with an offense punishable with death or imprisonment for life. Nor do I think this power should be implied as incidental to his power to adjourn hearings from time to time, for the following reasons: The Massachusetts courts have declared that no presumption lies in favor of the jurisdiction of an inferior magistrate, as the jurisdiction conferred is not general, but limited by particular statutes. Bridge v. Ford, 4 Mass. 641. As a ministerial officer, he can do no valid act not expressly or by necessary implication authorized by law. Vose v. Deane, 7 Mass. 280. A justice of the peace has no right to take a recognizance except under the statutes giving that magistrate jurisdiction. Com. v. Otis, 16 Mass. 198. The statutes of Massachusetts specifically provide in what cases a committing magistrate may take recognizances, and therefore by implication exclude his power to take them in other cases.

But it is urged that these accounts were approved by the court as required by law, and that this is prima facie evidence of their correctness, which, in the absence of clear and unequivocal proof of mistake on the part of the court, should be conclusive. U. S. v. Jones, 134 U. S. 483, 10 Sup. Ct. 615; U. S. v. Barber, 140 U. S. 177, 11 Sup. Ct. 751; U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. 743. Giving due weight to this rule as applicable to matters within the discretion of the commissioner, or to questions of fact, or even to cases where the law may be doubtful, it certainly does not apply to cases where the commissioner clearly acted without authority of law. Nor does it seem to me that the rule laid down in U. S. v. Hill, 25 Fed. 375, Id., 120 U. S. 169, 7 Sup. Ct. 510, can be invoked in this case, for the reason that the statute is not of doubtful construction, and for the further reason that the practice of allowing these fees has not been uniform with the treasury department. Hallett's Case, 5 Lawr. Dec. 281. The case of U. S. v. Rand, 3 C. C. A. 556, 53 Fed. 348, 351, is cited in favor of the petitioner. An examination of the record in that case shows that the commissioner withdrew any claim for this charge by amendment to his petition, and that this item was not included in the judgment entered in the circuit court. This fact was set out in his printed argument submitted to the circuit court of appeals. That case, therefore, can hardly be considered as a binding authority in this case. For these reasons I think this item was properly disallowed.

Items 2 and 5 are governed by the same considerations which apply to item 1, and therefore were rightly disallowed.

Items 3 and 4 are for small amounts. The question raised is one of discretion, and hence these items should be allowed, on the principle that the accounts are prima facie correct, and therefore conclusive in the absence of clear proof of mistake on the part of the court which approved them. U. S. v. Jones, U. S. v. Barber, U. S. v. Ewing, before cited.

Item 6 is important, and raises the question whether a commissioner can charge for copies of process and return of proceedings

sent to the proper court, where the defendants were discharged. In 1862 this court held that a commissioner should return all such papers.    U. S. v. Cook (unreported).    On January 11, 1882, by an order entered on that day, at the request of the attorney general, the court directed the commissioner, after the final disposition of each case, to return copies of all papers, together with all recognizances taken by him in the case, with a proper transcript of the proceedings.    The part of the order which speaks of compensation was only intended to give the commissioners a right to refuse to perform the duty if it should turn out that they were not to be paid for it. I think this item should be allowed.    It was allowed in the case of Strong v. U. S., 34 Fed. 17, and it comes within the principles laid down by the supreme court in U. S. v. Barber, 140 U. S. 164, 11 Sup. Ct. 749;  U. S. v. Van Duzee, 140 U. S. 169, 11 Sup. Ct. 758; and U. S. v. Jones, 147 U. S. 672, 674, 675, 13 Sup. Ct. 437.    In the last-cited case, Mr. Justice Brown says:

"Supposing it [the account], however, to be a question of doubt, if the court assumed jurisdiction to make such order, and the clerk obeyed it by entering it upon the journal, he is entitled to his fee therefor, irrespective of the necessity for such order being made.    In fact, he would be guilty of contempt in refusing to make such entry.    The government cannot, in this collateral proceeding, attack the power of the court to make this order."

Item 7 relates to charges for entering returns of warrants and subpoenas, and should be allowed.    In U. S. v. Ewing, a similar charge was held to be unobjectionable.    Section 847 provides: "For issuing any warrant or writ, and for any other service, the same compensation as is allowed to clerks for like services."    Section 828 allows clerks "for entering any return" 15 cents.    This charge comes under this paragraph in section 828, and not under the paragraph "for making dockets," etc., for which the commissioners are not entitled to charge any fee under the act of August 4, 1886 (24 Stat. 256, 274, c. 903);  U. S. v. Ewing, ubi supra.    What the docket fee in section 828 was intended to cover is defined in U. S. v. Van Duzee, 140 U. S. 199, 11 Sup. Ct. 941, and it does not include the charge made "for entering any return."    This ruling also applies to item 8 for entering orders of continuance.

Items 9, 10, and 11 were suspended, not disallowed.    I think these charges were within the discretion of the commissioner, and should have been allowed.    It is undoubtedly true that the comptroller may suspend an account of a commissioner or other officer for a reasonable time pending an examination.    U. S. v. Fletcher, 147 U. S. 664, 13 Sup. Ct. 434; New Orleans v. Paine, 147 U. S. 261, 13 Sup. Ct. 303.    But it can hardly be contended in this case that Mr. Hallett's accounts are still pending in the treasury department.    The accounts may be considered as long since rejected by the department, and the sole question presented to the court is the legal right of Mr. Hallett to make these charges.

With respect to items 12 to 25, inclusive, the government has no suggestions to offer, in view of the decision in U. S. v. Harmon, 147 U. S. 268, 13 Sup. Ct. 327, and they are allowed.

Item 26, which covers charges for copies of process in excess of the amount allowed by section 828, Rev. St., was properly rejected.

Item 27 is for charges for more than one acknowledgment to each recognizance, and was rightly disallowed. U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. 743.

Item 28 is for charges for more than one final recognizance of all the witnesses in each case, and these charges were properly disallowed upon the present state of proof. U. S. v. King, 147 U. S. 676, 13 Sup. Ct. 439.

Items 29 and 31 relate to matters which may be fairly said to be within the discretion of the commissioner, and should therefore be allowed.

Item 30 comes under the same ruling as item 6, and should be allowed.

It results from the foregoing conclusions that judgment should be entered for the petitioner in the sum of $6,385, and it is so ordered.