HIRSCHBECK v. UNITED STATES.

(District Court, N. D. New York. October 19, 1894.)

**1. UNITED STATES COMMISSIONERS—FEES.**

A commissioner is not entitled to charge for making triplicate, instead of duplicate, affidavits to the accounts of special deputy marshals, or for triplicate orders for payment of witnesses.

**2. SAME.**

A commissioner is not entitled to fees for administering two oaths, when duplicate oaths are required, or for arraigning parties brought before him charged with crime.

**3. SAME.**

A commissioner is entitled to fees by the folio for drawing recognizances and orders, to the full number of folios employed, in the absence of proof that these papers were unnecessarily prolix.

This was a suit by Caroline G. Hirschbeck, as administratrix of Joseph G. Hirschbeck against the United States, to recover fees alleged to have been earned by the decedent as a United States commissioner.

Joseph G. Hirschbeck was a circuit court commissioner for the Northern district of New York. · The plaintiff, as his administratrix, brings this suit to recover various items which were stricken from his accounts by the accounting officers of the treasury department. In making up the accounts of special deputy marshals he had charged for triplicate affidavits and triplicate orders for payment. He had also charged for two oaths in cases where he was required to take an oath and a duplicate thereof. He had made charges also for arraigning parties brought before him charged with crime. In drawing recognizances he had charged by the folio, insisting that he was not limited to two or three folios, but might charge for the number of folios

actually employed. The United States insists that the commissioner might lawfully have charged for duplicate affidavits and orders in making up the accounts of special deputy marshals, but not for triplicates; that when required to take duplicate oaths he could charge for but one oath; that he had no authority to arraign a defendant brought before him in his official capacity and that in preparing recognizances his charge should be confined to three folios. The issues thus raised were the principal matters in dispute between the parties. The other questions are settled in favor of the plaintiff by the authorities cited in the opinion.

Frank P. Murray, for plaintiff.
W. F. Mackey, Asst. U. S. Atty., for defendant.

COXE, District Judge. This action has been submitted without oral argument. The plaintiff has furnished a brief memorandum covering about two pages of legal cap. The defendant has furnished no brief at all. From a letter written by the comptroller to the attorney general and from the plaintiff's memorandum I have done my best to spell out, from the mass of accounts, allowances and disallowances, the points in dispute between the parties. The plaintiff has introduced testimony to prove that the services charged for by the intestate were actually performed. The defendant has introduced no proofs except a treasury transcript containing a statement of the late commissioner's accounts taken from the books of the department.

I find nothing in the law permitting a charge for triplicate affidavits to the accounts of special deputy marshals, or for triplicate orders for the payment of witnesses. The amounts charged for drawing triplicates should be disallowed.

There is no authority bearing directly upon the question whether a commissioner can charge for administering two oaths when duplicate oaths are required, but, by analogy to U. S. v. Barber, 140 U. S. 177, 11 Sup. Ct. 751, I shall hold that the transaction constitutes but a single act for which one charge only can be made.

A commissioner sits only as a committing magistrate. His duty is to determine whether there is sufficient evidence against the defendant to warrant his being held for the grand jury. An arraignment is extrajudicial and no fees can be allowed therefor.

The charges for drawing recognizances and orders seem to be sustained by the decisions of the United States courts, especially in the absence of proof that these papers are unnecessarily prolix. U. S. v. Taylor, 147 U. S. 695, 701, 13 Sup. Ct. 479; Crawford v. U. S., 40 Fed. 446, 448; U. S. v. Rand, 3 C. C. A. 556, 53 Fed. 348.

The other questions in dispute, so far as I am able to understand them, seem to be settled by the decisions of the federal courts in plaintiff's favor. There is nothing to show that the late commissioner did not do the work for which charges are made. U. S. v. Jones, 134 U. S. 483, 10 Sup. Ct. 615; U. S. v. Ewing, 140 U. S. 142, 11 Sup. Ct. 743; Hoyne v. U. S., 38 Fed. 542; Clough v. U. S., 47 Fed. 791.

It follows that the charges disallowed by the above rulings should be deducted from the account and that judgment should be entered in favor of the plaintiff for the balance.