CASE 96—ACTION TO ENFORCE ASSESSMENT FOR STREET
IMPROVEMENTS—JANUARY 25.

# Bitzer v. O'Bryan, Etc.
# City of Louisville v. Bitzer.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—PLEADING.—In an action for the enforcement of street assessments, an allegation that the city engineer "made out and reported in writing to the general council of the city of Louisville a map of and for the grade of the alley hereinafter mentioned as the alley from Eighth street to Ninth street and first alley north of Churchill street, which map was submitted to and approved by the general council of the city of Louisville by resolution, which resolution was approved by the mayor of said city on the —— day of ————, 1888, prior to the passage of the ordinance hereinafter set out and by which resolution it was resolved that the grade of said alley from Eighth to Ninth streets be and remain as indicated on said map" is a sufficient averment that the council had fixed the grade of the alley to be improved.

2. SAME—EVIDENCE.—In an action to enforce a street assessment a copy of the ordinance authorizing the improvement of work, a copy of the contract therefor and a copy of the condition of the bond, each attested by the clerk of the board of councilmen is conclusive proof of the passage, approval and publication of the ordinance, of the date of the execution and approval of the contract, and is *prima facie* evidence of every other fact necessary to be established by the plaintiff in such actions to entitle him to the relief authorized to be given in this court. (Burnett's Code, p. 509, sec. 6.)   Where, therefore, the petition made profert of the copy of the ordinance, of the contract and of the apportionment duly certified, *a prima facie* case was made out upon which plaintiff was entitled to a judgment notwithstanding the fact that the answer traversed the allegations of the petition.

3. JUDGMENTS—JOINT AND SEVERABLE.—Where judgments had been rendered against some defendants in actions to enforce street assessments, a motion made by other of the defendants to set aside the judgment sustained by the court, enured to the

Bitzer v. O'Bryan, &c.    City of Louisville v. Bitzer.

benefit of all the defendants and operated to set aside the entire judgment.

4. APPEALS—RES ADJUDICATA.—The dismissal of the appeal for lack of jurisdiction is no bar to a subsequent appeal of the same judgment.

5. SAME—JURISDICTION.—This court has jurisdiction of appeal from a judgment for the enforcement of a street assessment, although the amount be less than two hundred dollars.

6. SAME.—A judgment having been rendered against a municipality which should have been rendered against the property owners, the judgment as to the municipality is reversed.

GRUBBS & MORANCY FOR APPELLANT BITZER.

1. That proper tax district for assessment of costs of this improvement extends back from Churchill street only to Zane street, if extended. Cooper v. Nevin, 90 Ky., 85; Dumesnil v. Shanks, opin. April 18, 1895.

2. Payment of original apportionment warrant does not relieve lot owners from duty of payment of increased assessment under corrected apportionment. Stengel v. Preston, 89 Ky., 616.

3. That attested copies of ordinance, authorizing improvement, the contract and apportionment entitle plaintiff to judgment in face of mere denial. Ky. Stats., sec. 2938; Zable v. Lou. Bap. Or. Home, 13 Ky. Law Rep., 385; 92 Ky., 89.

H. L. STONE FOR APPELLANT, CITY OF LOUISVILLE.

1. The exhibits filed with the petition made a *prima facie* case upon which the plaintiff was entitled to a judgment against the property owners. Burnett's Code, pp. 509, 510. sec. 5 of act of March 24, 1882.

2. On the improvement of pavements: Cooper v. Nevin, 90 Ky., 89; Dumesnil v. Shanks, 97 Ky., 354; Fehler v. Gosnell, 18 Ky. Law Rep., 238; Zable v. Lou. Bap. Or. Home, 13 Ky. Law Rep., 385.

MATT O'DOHERTY FOR APPELLEES, O'BRYAN, &C.

1. There was no proof of the established grade of the alley in question. In the absence of such proof, the judgment dismissing the petition is correct. Zable v. Lou. Bap. Or. Home, 13 Ky. Law Rep., 388; Hydes v. Joyes, 4 Bush, 464.

2. This honorable court has no jurisdiction of the appeal. Zable v. Harris, 82 Ky., 473; Oswald v. Morris, 92 Ky., 49; Brannin v. Gleason, 14 Ky. Law Rep., 109.

GRUBBS & MORANCY FOR PETER BITZER, APPELLEE IN THE APPEAL OF THE CITY OF LOUISVILLE.

Additional citations: Fehler v. Gosnell, 35 S. W. R., 1125; Murphy v. City of Louisville, 9 Bush, 197; Kearney v. City of Covington, 1 Met., 345; Guthrie v. City of Louisville, 6 B. Mon., 575; City of Louisville v. Hyatt, 5 B. Mon., 200; Acts 1885-6, vol. 1, p. 1153.

MATT O'DOHERTY for appellees O'Bryan, &c., on motion to dismiss, made the additional citations to those in his former brief: Bryan v. Beckley, Litt. Sel. Cas., 97; Beazley v. Mershon, 6 Bush, 427; Meredith v. Clarke, Sneed, 189; Kennedy v. Meredith, 4 Mon., 410; Mason v. Mason, 5 Bush, 193.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

In 1889, Peter Bitzer was the contractor for the improvement of an alley fifteen feet wide from Eighth to Ninth street, being the first alley north of Churchill street. The city authorities proceeded upon the theory that the entire territory inclosed by Eighth and Ninth streets upon the east and west and by Kentucky and Churchill streets upon the north and south formed a single square within the meaning of the city charter, and that the cost of the improvement should be apportioned among the owners of all the lots on the square; and the warrants were accordingly so made out. The alley improved is about a fourth of the distance between Churchill and Kentucky streets, north of Churchill street. About half the distance between Churchill and Kentucky streets, and parallel with them, an unmade street, called "Zane Street," projects from the west about half way across the territory described. It appears not to be a thoroughfare, having no outlet to Eighth street whatever.

Bitzer brought suit to enforce his lien for the payment of his apportionment warrants against a number of lot owners, making the city of Louisville a party defendant, and praying judgment over against it in the event he did not recover against the lot owners.

But, the Literary Society of St. Catherine of Siena having filed a demurrer, it was sustained upon the ground that the apportionment showed the cost of the curbing to have been apportioned, in proportion to the number of square feet held by each lot owner in each quarter of a square, instead of in proportion to the number of linear feet owned by them respectively fronting the improvement. Joyes v. Shadburn, 10 Ky. L. R., 493, [13 S. W., 361].

The demurrer was also sustained upon the ground that the petition stated: "A map showing the location of the above-mentioned streets, alleys and lots is herewith filed, and made part hereof, marked 'Exhibit No. 1,'" which showed that Zane street ran from Ninth street about half way to Eighth street, and therefore that, as the petition stood, Zane street was included as one of the "above-mentioned streets" named in the former part of the petition, which also stated it to be situated about 360 feet north from Churchill street and about 375 feet south from Kentucky street.

The court seems to have gone upon the theory that the description of Zane street in the petition and its designation on the map showed its line extended to Eighth street to be the proper boundary of the tax district on the north, instead of Kentucky street, under the authority of Cooper v. Nevin, 90 Ky., 85, [13 S. W., 841], and Dumesnil v. Shanks, 17 Ky. L. R., 170, [30 S. W., 654]. This view seems fully sustained by the authorities named, and seems practically conceded by counsel.

In another opinion, filed a few months later by another judge, the court held explicitly that the tax district only extended from Churchill to Zane street, and that lot owners between Zane and Kentucky were not liable.

The subsequent proceedings are somewhat confusing,

[38]

owing to the number of special judges who sat in the case in addition to the regular judge.

Bitzer filed an amended petition, making parties defendant a number of persons owning lots between Churchill and Zane, who had paid their original apportionment warrants, and praying a reapportionment of the entire cost of the improvement upon the territory lying between Eighth and Ninth and Churchill and Zane extended to Eighth. The lot owned by the Literary Society of St. Catherine of Siena lying outside of the new tax district,—i. e. between Zane and Kentucky,—its demurrer to the petition as amended was sustained, and the action dismissed as to it.

A reapportionment was made by the commissioner as prayed, and a default judgment entered by another judge enforcing the lien against the lots of fourteen owners. Credits upon the amounts of the new apportionments were duly acknowledged of the sums paid under the original apportionment.

Thirty-seven days after the judgment was rendered, six of the lot owners moved to set aside the judgment on the ground that it was erroneous and void, and contrary to law. Another judge sustained the motion, which was not to set aside the judgment as to the parties making the motion, but to set aside *the judgment* entered February 4, 1895, and that judgment was accordingly set aside. The case was again submitted, and a motion made to set aside the submission, which seems to have been practically sustained, for demurrers were permitted to be filed by eight defendants, overruled, and answers filed traversing the averments of the petition, and the case submitted without evidence, except the exhibits filed with the petition. The court held, under the authority of Zabel

v. Louisville Baptist Orphans' Home, 92 Ky., 89; [13 Ky. L. R., 385; 17 S. W., 212; 13 L. R. A., 668], that the petition was insufficient in its averment that the council fixed what should be the grade of the alley; and, further, that, even if sufficient, no exhibit was filed showing the fixing of the grade sufficient to create "in the face of a mere denial a *prima facie* case."

The petition was accordingly dismissed as to the eight defendants who had filed answers. An appeal was taken to this court, dismissed, and a second appeal sued out in the clerk's office of this court.

It seems clear that the lower court had power to set aside the original judgment within the sixty days, and that, when it did so, the order setting it aside went to the entire judgment, and not merely to the judgment as against the six persons who moved to set it aside.

It seems equally clear that the petition alleged all facts necessary for a recovery, and that the Zabel case, *supra*, is not applicable, for the reason that the petition contains a distinct averment that the city engineer "made out and reported in writing to the General Council of the city of Louisville a map of and for the grade of the alley hereinafter mentioned as the 'alley from Eighth street to Ninth street' and 'the first alley north of Churchill street,' which map was submitted to and approved by the General Council of the city of Louisville by resolution, which resolution was approved by the mayor of said city on the —— day of ——, 1888, prior to the passage of the ordinance hereinafter set out, and by which resolution it was resolved that the grade of said alley from Eighth to Ninth streets be and remain as indicated on said map."

No suggestion is made that there was any other defect in the petition than in the averment as to the fixing of

the grade. · We think, however, that this averment is sufficient, and follows the customary form of making such averments.

The charter then in force in the city of Louisville provides that:

"In all actions to enforce liens, as authorized by this act, a copy of the ordinance authorizing the improvement or work, a copy of the contract therefor, and a copy of the apportionment—each attested by the Clerk of the Board of Councilmen—shall be proof conclusive of the due passage, approval and publication of the ordinance, of the due execution and approval of the contract, and shall be *prima facie* evidence of every other fact necessary to be established by the plaintiff in such actions to entitle him to the relief authorized to be given in this act." (Burnett's Code, p. 509, section 6.)

These exhibits were filed, and therefore, when the issue was made up by a plain traverse of the averment of the petition as to the facts necessary to create the lien, those exhibits made out a *prima facie* case sufficient to overcome the mere traverse. It follows, therefore, that the lower court erred in the judgment dismissing the petition as to the eight defendants who had answered.

The question now arises whether we can consider and reverse for that error.

The first appeal, which was granted in the lower court, was dismissed by this court for want of jurisdiction. The order of dismissal was improvidently made, for this court has jurisdiction of appeals in actions to enforce liens, regardless of the amount for which the lien is sought to be enforced, as has been repeatedly held. (See Fehler v. Gosnell, 18 Ky. L. R., 238, [35 S. W., 1125].)

But the lot owners have, by answers filed in this court, set up the order of dismissal as a bar to the second appeal, which was sued out in the office of the clerk of this court, claiming that the jurisdiction of the court is, in this case, *res judicata* between the parties, and that, therefore, the second appeal must be dismissed.

In numerous cases it has been held that, where a question was decided by an opinion delivered upon one appeal, that opinion is not the subject of revision, upon a subsequent appeal.  As said in Legrand v. Baker, 6 T. B. Mon., 244, "It is *res adjudicata* in this suit, and must stand."

The basis of the doctrine is that, a question having been litigated and decided, and the judgment thereon having become final, there exists between the parties to the action and their privies an estoppel by judgment upon that question.  Does this doctrine apply to such a case as the one here presented?  Here, by an order in its nature interlocutory, the court refused to decide the questions presented by the appeal.  There was no decision of the merits of the case upon the issues presented on the appeal.  On the contrary, the court held that it could not consider and decide the case upon its merits, and, probably through inadvertence, or lack of full knowledge of the nature of the case in which the appeal was taken, refused to consider it.  Such an order, erroneously made, does not, in our judgment, deprive the litigant of his right to a hearing upon the merits of his case, provided the statutory time for taking the appeal has not expired.

The doctrine as to the effect of an order dismissing an appeal differs in the different States.  In this State the uniform practice has been to hold that, when an appeal is dismissed for want of prosecution or similar reason,

the appellant may nevertheless obtain a new appeal if time has not barred his right to do so. And so we think the rule should be where the appeal has been erroneously dismissed for want of jurisdiction.

There has been no trial upon the merits. Appellant has had no hearing in this court upon the issues presented by the appeal, and the doctrine of *res judicata* has no application.

In Hughes v. United States, 4 Wall., 237, 18 L. Ed., 303, a judgment for defendant in an ejectment suit for land was pleaded as *res judicata* to a subsequent bill in equity for the repeal and surrender of the patent under which the land was held. The judgment in the former suit was given on the ground that the court could not, in that form of action, go behind the patent and inquire into the equities of the parties

Another judgment was also pleaded as *res judicata* which did not pass upon the merits of any matter alleged, but which dismissed the petition for want of jurisdiction and the absence of proper parties. Said Mr. Justice Field, delivering the opinion of the court:

"It requires no argument to show that judgments like these are no bar to the present suit. In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or of the parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit."

In United States v. Rand, [3 C. C. A., 556]; 53 Fed., 348,

the United States Circuit Court of Appeals for the First circuit held that:

"The disallowance, by a district court, of a claim against the United States for fees, for supposed want of jurisdiction to pass upon the merits, is not a bar to a subsequent petition for the allowance of the claim, after determination that the court has jurisdiction."

And in Pepper v. Donnelly, 87 Ky., 262, [8 S. W., 441], in an opinion by Judge Holt, this court said:

"An estoppel by a former judgment is based upon public policy. It demands that, when a fact has been judicially and finally determined between the same parties, it shall be at rest. 'Interest republicae ut sit finis litium.' It is, however, equally well settled that a former judgment, to be a bar, must have been a decision upon the merits. Thus a judgment for want of jurisdiction, or by reason of a technical defect in the pleadings, or as to the parties, or upon any ground not going to the merits, will not prevent a second action. It does not determine the rights of the parties."

(See, also, 1 Van Fleet, Former Adj., section 48, and cases there cited; and cases cited in note 1, p. 266, 21 Am. & Eng. Enc. Law.)

It follows, therefore, that the judgment dismissing the petition as to the eight lot owners who filed answers must be reversed on the appeal first named, with directions to set aside the judgment and enter a judgment in favor of appellant Bitzer giving interest and costs only from the date of the corrected apportionment.

It follows, also, that the judgment against the city must be reversed as to the assessments against the property of the eight lot owners who made defense, for the reason that the judgment should have been against them, and not

against the city, and as to the other lot owners for the reason that no judgment, so far as this record shows, has been rendered for or against them, and, before the city can be made responsible under its contract, it must be decided whether or not the property can be subjected.

On the second appeal named, therefore, the judgment is reversed, and cause remanded, with directions to set aside the judgment against the city, and for further proceedings consistent with this opinion.

The whole court sitting.