## Knepfle's Executrix v. Town of Southgate, Kentucky.

(Decided March 24, 1922.)

### Appeal from Campbell Circuit Court.

1. Muncipal Corporations—Enforcement of Warrants Against Abutting Owners.—Where no effort was made to enforce tax warrants against abutting owners, no action is maintainable by the contractor against the city for the cost of the improvement until it has been found by a court of competent jurisdiction that the abutting owners are not liable to the contractor on the tax warrants for the improvement.

2. Municipal Corporations—Surety or Accommodation Endorser.—A municipal corporation cannot, without legislative authority, become surety for another corporation or an individual, nor guarantee the bonds of another, or make accommodation endorsements.

3. Municipal Corporations—Ordinance—Pleading.—An ordinance which is not passed in accordance with section 3699, Kentucky Statutes, is a nullity, and a pleading that does not aver that a resolution was passed as this statute requires is defective.

C. T. BAKER for appellant.

W. E. GALLAGHER for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Southgate is a city of the sixth class located in Campbell county. It was laid out and its streets dedicated and built as early as 1895. Before that time the South Covington & Cincinnati Street Railway Company had constructed a line through the territory which now constitutes Southgate and was operating electric cars thereon. In acquiring its right-of-way it took a deed for a fee to a strip of land 75 feet wide. Some of the streets of the town of Southgate intersect and cross the electric car tracks. In 1910 the board of trustees of the town passed an ordinance for the construction of a number of the streets, and in May of that year Edward J. Knepfle was awarded a contract for the construction of Walnut street and Evergreen avenue. The contract among other things provided that Knepfle was to accept special tax bills which were to be a lien upon the abutting property in payment for the work which was to be done at the expense of the owners of the abutting property, the contract reading:

"In full payment as against the party of the first part for the entire part of said cost chargeable to said abutting property and owners thereof, and to look solely to said abutting property and the owners thereof for payment for said part of said work, and in no event is the party of the first part to be liable for any part of said cost or expense chargeable to said abutting property and the owners thereof."

A copy of this contract was filed with the petition. Afterwards apportionment tax warrants covering the assessments levied against abutting property and the owners thereof were issued and delivered to Knepfle, to whom it was provided by ordinance "said tax shall be due and payable."

In addition to these tax warrants Knepfle induced the town council to execute to a local bank two notes, one for $1,875.25 and the other for $1,086.80, to which were attached as collateral the tax warrants issued to Knepfle, and Knepfle discounted these notes at the bank and obtained the proceeds, which he applied to his own purposes. The property owners paid in on the tax warrants a sum sufficient to reduce the said two notes to $436.29, but there was interest due on the notes to the amount of $160.91, which two sums Knepfle having paid to the bank seeks to recover from the town of Southgate in this action.

Being required to paragraph his petition, Knepfle did so by an amended petition in which he averred in substance the apportionment warrants issued to the contractor against the South Covington & Cincinnati Street Railway Company for its proportion of the cost of improving Walnut street are not a lien against the property of the company, because its property does not abut on Walnut street, and that the railway company owns the land on which the street is laid, and that the assessments levied against it were unauthorized. It is sought to hold the town liable for the cost of the improvement evidenced by these warrants..

The second paragraph of the petition contains identical allegations concerning two apportionment warrants issued to him against the same company for its proportion of the cost of improving Evergreen avenue.

The answer traverses the allegations that the property of the street railway company does not abut on these streets, and the second amended answer sets up two affirmative defenses; first, that the town and the public generally have been in adverse possession of the property of the street railway company at the points where it is crossed by these streets for more than the statutory period, and, second, that the town in the construction of these streets had exceeded its authorized revenue and income for the year 1910; that it was not authorized so to do by two-thirds of the voters of the town at an election held for that purpose, and that the alleged indebtedness sued for was incurred, if at all, in violation of section 157 of the Constitution, and was consequently void. The reply traversed these allegations, and the case was tried on these issues. In dismissing the plaintiff's action the lower court said:

"The land owned by the South Covington & Cincinnati Street Railway Company fronts and abuts on each side of Walnut street, where said street was improved as alleged in the petition herein; that the land owned by said company also fronts and abuts on each side of Evergreen avenue, where said avenue was improved as alleged in said petition; and that no action has ever been commenced to enforce any of the assessments levied by the town of Southgate upon said land to pay its proportionate part of the cost of the improvement of such street in the one case, and its proportionate part of the cost of the improvements of such avenue in the other. .

"The court is of opinion that the land owned as aforesaid by said company was subject to assessment for such improvements . . . and that therefore there can be no recovery in this action against said town.

"It is therefore adjudged by the court that this action be dismissed, and that the defendant recover of the plaintiff its costs in this action expended."

From this judgment the executrix of Knepfle, who died pending the action, prosecutes this appeal.

It appears from the record that Knepfle allowed the statutes of limitation to run against the tax warrants which he held against the abutting property before he commenced this action against the city. It also appears from the pleadings that no effort whatever was made to enforce the tax warrants against the abutting property. This being true, no action was maintainable by Knepfle against the city for the cost of the street improvements, for we have held in the case of City of Louisville v. Hexagon Tile Walk Company, 103 Ky. 552, and in Bitzer v. O'Brien, 107 Ky. 590, that the city is not liable to the contractor for such improvements until it has been found by a court of competent jurisdiction that the abutting property owners and such property are not liable to the contractor on the tax warrants for the impovement. In other words, the city is not liable for the costs of the improvement of a street which it has directed to be made unless and until it has been determined by a court in a proper proceeding that the tax warrant or other lien attempted to be created by ordinance of the city is invalid against the abutting property—no action can be maintained until such proceeding is first had in a court of competent jurisdiction.

Complaint is made by appellant that the trial court erroneously sustained a demurrer to the third paragraph of the amended petition. By this paragraph it is averred that Knepfle entered into a contract with the town of Southgate for the improvement of Walnut street and Evergreen avenue, and that the town agreed to and did pass a resolution in February, 1911, at a regular meeting, which resolution was in words and figures as follows:

"The following resolution was offered by Mr. Runck: Be it resolved by the board of trustees of the city of Southgate, Ky., that the president and treasurer be authorized to sign the notes of the Citizens Commercial &

Savings Bank of Newport, Ky., to secure the payment of the amounts due from abutting property owners on Walnut street, Electric avenue and Evergreen avenue for the respective amounts of one thousand eight hundred and eighty-four dollars ($1,874.25) and twenty-five cents and one thousand eighty-six dollars ($1,086.80) and eighty cents. The resolution was put to a vote and all members voted in favor of same and was declared adopted.''

That pursuant to said resolution the chairman and clerk of the board of trustees of the town of Southgate did execute and deliver to the bank, mentioned in the resolution, two notes, one for $1,874.25 and the other for $1,086.80, which notes were endorsed by Knepfle and delivered to the said bank with the tax warrants of Knepfle attached thereto as collateral; that all of said notes were paid except $436.29 of the principal, and $160.91 interest, which latter sums were paid by Knepfle to the bank. In the paragraph is quoted section 3706, Kentucky Statutes, providing that the cost and expenses, incurred in constructing streets, avenues and highways, shall be paid out of the general funds of the town, or by the owners of the lands fronting and abutting thereon, as the board of trustees may, in each case, determine. This paragraph of the amended petition was defective in more than one respect, and the lower court did not err in sustaining the general demurrer thereto. In the first place, it appears that these notes were given by the city council without consideration and as a mere accommodation to Knepfle. The city was without power or authority to become accommodation endorser or surety. The general rule as laid down by Dillon on Municipal Corporations, is that a municipal corporation cannot, without legislative authority, become surety for another corporation or an individual; cannot guarantee the bonds or obligations of another, or make accommodation endorsements. Such authority cannot be deduced from the general and usual powers conferred upon such corporations.

As the pleading does not aver that the resolution was passed by the council by a vote of four, in which the yeas and nays were entered on the journal, it was invalid because our statute, section 3699, requires all ordinances which incur a liability or make an appropriation exceeding $50.00 to be so passed. This is mandatory, and an ordinance which is not so passed and which attempts to

incur a liability or make an appropriation exceeding $50.00 is a nullity. City of Louisville v. Parsons, 150 Ky. 420. It will not be necessary for the court to point out other defects in the third paragraph of the amended petition which the general demurrer might have reached.

No error appearing to the prejudice of appellant the judgment is affirmed.